## Burgen vs. Sharer.

### ERROR TO MADISON CIRCUIT.

In a suit on an injunction bond, given upon an injunction obtained to restrain the defendant, (who was appointed an overseer of a road,) from opening the same, in which bond it was stipulated that the complainant should pay all damages, not exceeding $500, which the defendant might sustain by reason of the injunction. Held, that the plaintiff could recover no more damages than such as resulted to him individually from the operation of the injunction, excluding cost of suit, &c.

Chenault filed his petition in the Madison circuit court, and obtained an injunction injoining Burgen from opening a certain road which passed through the lands of Chenault, and obtained an injunction

restraining the opening of the road upon giving an injunction bond to Burgen, with the following condition annexed thereto, to-wit: "We undertake that the defendant, Waller Chenault, shall pay to the defendant, John Burgen, the damages, not exceeding $500, which he may sustain by reason of the injuction in this action, if it is finally decided that said injunction ought not to have been granted," which bond was executed by Sharer. The injunction being dissolved, this suit was brought by Burgen upon the injunction bond, and the question involved is, what shall be the criterion of damages?

S. TURNER, for plaintiff—

Argued, that the court below erred in excluding from the jury the testimony offered by Burgen, of the extra costs expended in defense of the suit in which the injunction was awarded, and insisted that Burgen was entitled to compensation for his trouble in defending the suit, and to recover the reasonable fees expended in the employment of counsel—Cited, Hanley v. Wallace, 3 B. Monroe, 191; Petit, &c. v. Mercer, 8 B. Monroe, 51. The principle settled in the last cited case was relied upon as giving Burgen a right to recover for the injury to the public, during the period of the pendency of the injunction, as he was the surveyor, and no one else could sue, and what he might recover for the latter injury would constitute a trust fund to be applied to improve the road.

CAPERTON, for defendant—

Knew of no case in which it had been adjudged that a recovery could be had on an injunction bond for the trouble and extra attorney's fees expended in the suit. These claims, and the injury to the public, is not embraced in the bond. And any inquiry as to the public injury is too indefinite to be permitted.

July 8.        Judge SIMPSON delivered the opinion of the court.

Waller Chenault filed a petition in the Madison circuit court, in which he alleged that John Burgen had procured an order of the Madison county court, appointing him overseer of a certain road, with power to open and keep said road in good order, when, in fact, no such road had ever been established by any order of the county court, and that he, Burgen, was about to proceed to open said road, a considerable part of which passed over the plaintiff's land, and by the opening of which the plaintiff's farm would be exposed to the trespasses and depredations of his neighbors stock. He therefore prayed for and obtained an injunction to restrain the defendant, Burgen, from opening the road, so far as the same passed over the land of the plaintiff.

By the order of the judge granting the injunction the plaintiff was required to give bond, with good security, in the sum of five hundred dollars, conditioned according to law. To comply with this requisition in the order, S. Sharer executed a bond in the following words:

"We undertake that the plaintiff, Waller Chenault, shall pay to the defendant, John Burgen, the damages, not exceeding five hundred dollars, which he may sustain by reason of the injunction in this action, if it is finally decided that said injunction ought not to have been granted."

The action in which the injunction was granted was decided against the plaintiff, and thereupon the defendant, Burgen, brought this action on the injunction bond against Sharer, the surety.

The question that arises in the case is, what is the extent of the surety's liability on the bond? Is he liable alone for the injury the plaintiff in this action sustained, in consequence of having been prevented by the injunction from opening and using the road, or is he also liable for the trouble and labor necessarily imposed on the plaintiff, as well as all reasonable costs and expenses incurred by him, in the defense of the action in which the injunction was sued out?

In a suit on an injunction bond, given upon an injunction obtained to restrain the defendant, (who was appointed an overseer of a road,) from opening the same, in which bond it was stipulated that the complainant should pay all damages, not exceeding $500, which the defendant might sustain by reason of the injunction.—Held, that the plaintiff could recover no more damages than such as resulted to him individually from the operation of the injunction, excluding costs of suit, &c.

BURGEN
*vs.*
SHARER.

It was decided at the present term, in the case of *Taylor v. McCracken, (Manuscript Opinion),)* that where a suit in chancery had been brought to foreclose a mortgage, and the complainant had sued out an injunction, and also an attachment, to prevent the removal of the property during the pendency of the suit, that the surety in the bonds, which were similar to the present one, was not liable for the costs and expenses of the suit incurred by the defendant. The contest in that case turned upon the validity of the mortgage, its execution, as alleged, having been procured by fraud. The defense was sustained, and consequently the injunction and attachment were discharged. But if no injunction or attachment had been issued, the defendants in the suit would have been compelled, in resisting a decree, to sell the mortgaged property, to have incurred the same expense in defending the suit that they did incur. Consequently, that expense could not, with any propriety, be said to have been occasioned by the suing out of the injunction and attachment, and upon the *ground it* was held by the court that the surety in the bond was not liable for the costs and expenses of the defendants in the suit.

Here the object of the suit was to make the injunction perpetual, so that the question as to the surety's liability upon the bond, for the costs and expenses and labor of the plaintiff, in the defense of the action in which the injunction was sued out, is *fairly* presented.

The case of *Pettit, &c. v. Mercer,* 8 *B. Monroe,* 51, is relied upon as authority in support of the proposition, that the surety is liable on the bond for all costs and expenses incurred by the plaintiff in the defense of the suit. In that case, however, the suit was brought on an attachment bond, conditioned for the payment of *all costs* and damages. In this case, there is no stipulation in the bond for the payment of costs, but only for such damages as the plaintiff in this action might sustain by reason of the injunction,

if it should be finally decided that it ought not to have been granted. The costs and expenses he incurred in defending the action were not occasioned by the injunction—they resulted from the litigation between the parties. The injunction prevented him from opening and using the road, and the deprivation of its use was the only injury that he sustained in consequence of its having been improperly obtained. The plaintiff in that action might have prayed for a perpetual injunction on the final hearing, without having sued out an injunction to operate during the pendency of the suit, and then the labor, and costs, and expenses of the defendant in making his defense, would have been the same that he would have had to incur if an injunction had been sued out at the commencement of the action. This proves that the costs and expenses of the suit are not occasioned by the injunction, and consequently that they are not embraced by the terms of the bond. The only damage for which a plaintiff can recover, in an action upon such a bond, is such as results from the operation of the injunction itself, and not that which is occasioned by the action independent of the injunction. Nor had the plaintiff any right to recover damages for any injury the public may have sustained, in consequence of the road having remained unopened. The bond only stipulates for the payment of such damages as he might himself sustain, and does not extend to or embrace the public injury.

Wherefore, the judgment is affirmed.