# Robertson *v.* Robertson *et al.*

### Action to recover Damages on Injunction Bond.

1. *Damages; what not recoverable on injunction bond.*—Attorney's fees in procuring the dissolution of an injunction, and in resisting a motion to reinstate, are recoverable as part of the damages on an injunction bond, conditioned according to § 3430 of the Revised Code, but the fees paid for the after defense of the cause are not; and the rule is not different, because the bill sought the cancellation of a mortgage, and a perpetual injunction against a sale of property under it.

APPEAL from Circuit Court of Dallas.

Tried before Hon. GEO. H. CRAIG.

The appellant, Henry Robertson, brought suit in the Cir-

[Robertson v. Robertson et al.]

cuit Court against appellees, Richard Robertson and others, upon an injunction-bond executed on suing out a writ of injunction on behalf of defendant Richard against the plaintiff, which was dissolved upon the answer of the latter. By the condition of the bond, the obligors bound themselves to pay all such damages as should be sustained "by the suing out of said injunction, if the same is dissolved."

Upon the trial, appellant, plaintiff below, was allowed to recover, as a part of the damages sustained, the fees due to his attorneys for their services in the cause, to the time when the injunction was dissolved, and in opposition to a motion afterwards made to reinstate the injunction, which was defeated. But the fees due to them, for their subsequent services, in defending the suit to its termination in favor of their client, were not allowed. And the refusal to allow these fees as a part of the damages "sustained by the suing out of said injunction," is assigned as error.

PETTUS & DAWSON, for appellant.—The object of the bill, on which the bond was given, was for an *injunction;* a perpetual injunction was sought. Although the court dissolved the temporary injunction, the order was interlocutory merely, subject to be set aside, and the injunction could have been restored by an interlocutory order. So it is insisted, though the injunction was temporarily dissolved, it was necessary for the defendant in that suit to have the services of counsel after the injunction was dissolved, to prevent its being made perpetual. The prosecution and trial of the cause, after the injunction was dissolved, was, in substance, a continued motion to set aside the order dissolving the injunction and to make it perpetual. The authorities in other States are conflicting, but in this State the authorities are uniform, and sustain the right of compensation in such cases, for defending the *attachment suit*, the *detinue suit* or *injunction suit* .—21 Ala. 491; 43 Ala. 634; 24 Ala. 406; 35 Ala. 97; 19 Ala. 344; *Holmes v. Weaver*, 52 Ala.

JOHNSTON & NELSON, and JOHN WHITE, *contra.*—The only damages recoverable on the bond are such as arise from the operation of the injunction, and not such as are occasioned by the suit, independent of the injunction.—14 B. Monroe, 497. The recovery is limited to damages accruing between the suing out of the injunction and its dissolution.— *Waller v. Dilley*, 7 Ind. 237. Counsel's fees in procuring the dissolution, but not those for defending the entire case, are alone recoverable.—23 Ohio Stat. 264; *Longworthy v. McKelvey*, 25 Iowa, 341. The detinue bond is conditioned, if the plaintiff

"is cast in the suit," and that in the attachment, to "prosecute to effect." But the injunction bond is not conditioned to pay damages caused by the suit. The injunction may be ancillary merely, and is not the commencement of the suit, which may continue after it is dissolved.

MANNING, J. (after stating facts as above).—In the absence of any statutory provision on the subject, the defendant in a civil suit has no recourse against the plaintiff, for the counsel and attorney's fees which he has been obliged to pay for his defense against the same, however groundless or causeless the suit may have been. In those cases, therefore, in which a party suing, instead of relying on the usual process of the court, requires for the protection of his supposed rights or interests, process of an extraordinary character,— and which he will be allowed to obtain only upon executing bond with security to pay all damages his adversary may thereby sustain,—the extent of the liability is to be ascertained by reference to the act, or the condition of the bond.

If the action be *detinue*, and the property in question is to be taken from the defendant by the sheriff, the bond to be given by the plaintiff provides that if he "fail in the suit, he will pay the defendant all such costs and damages as he may sustain *by the wrongful complaint*."—Code of 1876, § 2942 (2593). This, of course, makes the liability extend to all the reasonable fees the defendant must pay for the defense of the suit. Besides, the extraordinary process in this action, under which the property in controversy was seized, and is held from the free use and disposition of the defendant, is not dissolved or vacated, until the controversy is terminated in his favor. Hence, it is properly held that he may recover as damages, all the reasonable attorney's fees he is obliged to pay for his defense to the end.

The same is true in respect to an action commenced by a writ of attachment. As the statute provides that "the defendant must not deny or put in issue, the cause for which the attachment issued,"—§ 3317 (2993),—the attachment writ, ordinarily, continues in force until the termination of the suit in favor of defendant; and he is entitled to all the expense he is reasonably put to in defending the action to its conclusion.

But a suit in chancery is not instituted by a writ of injunction—although such a writ may accompany the subpœna or summons, or be issued at any time after the filing of the bill. It is a collateral process only. A motion to dissolve it may be made at any time, and is usually made, often successfully, soon after the writ is obtained. After the dissolution of the

[Ex Parte Tompkins.]

injunction, the suit proceeds precisely as if there had never been any injunction in the cause, and wholly without effect from it. The cause was instituted by process independent of that writ, and continues to exist after it is vacated. The expense of services rendered afterwards, in defense of the suit, is not therefore properly damages sustained by the suing out of that writ; and numerous authorities hold that the attorney's fees for such subsequent services are not recoverable under the terms of an injunction bond.

The argument that because the original suit in chancery brought by defendant Richard, against appellant, prayed cancellation of a mortgage executed by the former, and that appellant be perpetually enjoined from selling the mortgaged property—therefore, the suit was a continual effort to reinstate the injunction and must be defended as such—is more ingenious than sound. A writ of injunction sued out before and in anticipation of a decree upon the merits, is as different from a perpetual injunction awarded after or by such a decree, as a writ of attachment is different from a writ of execution, or as judgment is from mesne process.

The precise question has not heretofore been presented for adjudication in this court. It has been decided that attorney's fees for services rendered in defense of injunction suits, were recoverable as damages under the injunction bond—as certainly they may be; but we find no case in which this court has held that fees for services rendered in such a suit after the injunction was vacated, and not in reference to, or caused by the injunction, could be recovered as damages produced by it. The sureties to the bond are entitled to stand upon its terms; and these terms are not to be extended by implication to increase their liability.

Let the judgment of the Circuit Court be affirmed.