Bennett v. Lambert, &c.

---

CASE 102—PETITION ORDINARY—FEBRUARY 26.

## Bennett v. Lambert, &c.

APPEAL FROM SPENCER CIRCUIT COURT.

1. INJUNCTION—ATTORNEY'S FEES AND COSTS.—In a suit where an injunction is the only relief sought and a temporary injunction is obtained, and a perpetual injunction prayed for, the attorney's fees and costs are incurred in the defense of the attempt to make the injunction perpetual, and no recovery can be had for them on the injunction bond upon the dissolution of the temporary injunction.
2. SAME.—Attorney's fees and costs expended in defense of rules to show cause why defendant should not be punished for contempt for violation of the temporary injunction, can not be recovered in an action on the injunction bond.

G. G. GILBERT FOR APPELLANTS.

1. Counsel fees may be recovered in a suit on an injunction bond executed in an action in which a perpetual injunction was the final relief asked, or in a suit upon the bond to procure a temporary injunction where the fees have been incurred in the attempt to get rid of the temporary injunction. (Turnpike Co. v. Dulaney, 8 Ky. L. R., 520; Reading v. Davis, 6 Ky. L. R., 661.)
2. Where the injunction is merely auxiliary to the main object sought to be attained by the action, and no effort is made to get rid of the injunction before final hearing, counsel fees are not recoverable. But where the injunction is not auxiliary to the main relief sought, or where efforts are made to get rid of the injunction before final hearing, they may be recovered. (Amer. & Eng. Enc. of Law, vol. 10, p. 1001.)
3. Where the injunction is merely ancillary or in aid of the relief

sought, or is relied on to secure the relief when obtained, coun-
sel fees may be recovered. (Turnpike Co. v. Dulaney, 86 Ky.,
516.)

   The injunction was certainly ancillary in this case during the
proceedings under the temporary injunction.

4. The true rule is that counsel fees and costs can be recovered un-
   less they would have been incurred without the execution of the
   temporary injunction. (Bemis v. Spalding, 9 Ky. L. R., 764.)

P. J. FOREE FOR APPELLEES.

1. Where the injunction is the relief sought, and the temporary in-
   junction is sued out with a view to its perpetuation, no extraor-
   dinary costs or counsel fees can be recovered on the bond.
   (Turnpike Co. v. Dulaney, 86 Ky., 516.)
2. The cost and expense incurred in resisting the contempt proceed-
   ings, were not the result or consequence of the temporary in-
   junction, and are not covered by the bond.

L. C. WILLIS OF COUNSEL ON SAME SIDE.

JUDGE GUFFY DELIVERED THE OPINION OF THE COURT.

   The appellees, Lambert and others, instituted suit
in the Spencer Circuit Court against the appellant and
others, the object of which was to perpetually enjoin
the defendants in that suit from opening a certain
road and removing fencing of the plaintiffs named in
this suit.   A temporary injunction was obtained, and
pending the suit the plaintiffs therein moved to have
Bennett punished for violation of the injunction.   The
motion was postponed several times, it being called
in different counties.   Upon final hearing, the court
adjudged that Bennett had not been guilty of con-
tempt, and the proceedings seeking to have him fined
for contempt were dismissed and said Bennett dis-
charged, and judgment given in his favor against the
plaintiffs for his cost arising upon this branch of the
proceedings.   It was further adjudged that the injunc-

tion obtained be dismissed, and Howard and the Spencer County Court were given a judgment for their cost. The other cost arising in and about the injunction were adjudged to be paid by the parties respectively, each party to pay his own cost, but it was also provided that this order adjudging that Bennett shall pay his part of the costs herein is not to be construed so as to include his attorney's fees nor any expenses incurred by him in the employment of counsel to defend the injunction herein.

On the 20th of November, 1894, appellant instituted this action against appellees to recover on the injunction bond executed in the suit above stated, and claiming judgment for $100 damages on account of the said injunction. The answer denied appellant's right to recover for the items or claims set out, and alleged that an injunction was the only remedy sought in the action, and that the attorney's fees and cost were incurred in the defense of the action and not in defense of the injunction.

Appellant's demurrer to the second paragraph of the answer was properly overruled. The reply of appellant alleged that all the costs and damages sued for were incurred and paid by him in attending sessions of this court held in Anderson and Shelby counties in response to motions of said plaintiffs in the former suit to appear therein and show cause why this plaintiff should not be fined and imprisoned for contempt of this court for alleged violations of said temporary injunction charged by the plaintiff in said suit, and

before the judge of this court sitting at Shelbyville and Lawrenceburg.

The appellees filed a demurrer to the reply, which was sustained by the court; and appellant, failing to plead further, his action was dismissed, and from that judgment this appeal is prosecuted.

The contention of appellant is that the damages sued for were the result of the temporary injunction, and cites a number of cases to support his contention, but we are unable to see that any of the cases cited sustain appellant's views.

The cost and expense sued for was not incurred in defeating the temporary injunction, but in fact incurred in defense of a motion to have him punished for the violation of the injunction, and the court adjudged him not guilty, and rendered a judgment in his favor for cost. It often happens that a party may be put to cost and expense in defense of an unfounded or unjust suit or motion, and yet a judgment for legal cost be all that he can obtain.

There may be cases where a suit for malicious prosecution might be maintained, but no such case is now presented.

It seems to us that the injunction was the remedy sought; and the counsel fees and expense were incurred in defense of the attempt to obtain the perpetual injunction, if they can be considered as expended in the suit at all.

The decision of this court in New National Turnpike Co. v. Dulaney, &c., 86 Ky., 518, seems to conclusively settle that appellant was not entitled to recover.

In the case *supra* the turnpike company had insti-tuted proceedings in the county court to condemn a right of way for a turnpike road through land owned by Dulaney, etc., who filed a petition in the Louisville Law and Equity Court enjoining that proceeding.

The demurrer of the turnpike company to the peti-tion was sustained and injunction dissolved, and petition dismissed, and the company sued to recover on the bond for attorney's fees expended. The court below held that no recovery could be had, and this court affirmed the judgment for the reason that the injunction was the relief sought; in fact, gives the re-lief if sustained, and that in such cases no recovery could be had on the bond for counsel fees, quoting Bergin v. Sharer, 14 B. M., 399.

Judgment affirmed.