CASE 44—PROCEEDINGS BY FRANK SCHNABEL AND OTHERS AGAINST R. C. WAGGENER BY RULE TO REPAY MONEY IMPROPERLY WITHDRAWN BY HIM.—MAY 31.

# Schnabel, &c. v. Waggener.

APPEAL FROM JEFFERSON CIRCUIT COURT, CHANCERY BRANCH, SECOND DIVISION—STERLING B. TONEY. JUDGE.

JUDGMENT FOR DEFENDANT WAGGENER, AND OTHERS APPEAL. AFFIRMED.

JUDGMENT—REVERSAL—RESTITUTION—DELAY IN FILING BRIEFS—COSTS.

1. On reversal of a judgment under which money was paid, restitution may be required of a party only to the amount received by him as his pro rata of the fund finally adjudged to the other parties.

2. Court of Appeals Rule 3, providing that an appellee failing to file a brief by a certain time will be required to pay the costs up to the date of filing, will not be enforced in the absence of motion.

C. B. SEYMOUR AND FRED. FORCHT, JR., ATTORNEYS. FOR APPELLANTS.

## SYNOPSIS.

1. Where a homestead is erroneously sold under judgment and the judgment disallowing homestead is reversed, each creditor receiving any of the proceeds of the sale is liable to refund what he received; he can not throw on the infants the risk of the insolvency of other creditors.

2. The appellee in this case was a representative creditor, and procured the distribution of the fund.

3. In any event under rule 3, costs up to the date of filing appellee's brief must be awarded against appellee, which includes

Schnabel, &c. v. Waggener.

the transcript, and any sum appellee may have to pay under the rules of the clerk's office for withdrawing the original transcript.

4. But we are entitled to a reversal. The record in which the response was filed showed that appellee received $514.60; the entire fund was distributed including the proceeds of the sale, out of which the homestead ought to have been paid for before any distribution. The circuit court erroneously refused to set aside a fund for a homestead and the effects of that error should be corrected.

GORDON & GORDON, ATTORNEYS FOR APPELLEE.

1. Upon the reversal of the former judgment directing the present value of the children's homestead be adjudged to them, its value through the commissioner was ascertained to be $654.00. It is alleged in the response of Waggener and not denied that the amount he received upon his debt from the entire assets of the estate was to the extent of twenty-two and three-fourths per cent. and no more from the money adjudged as homestead to the children, and this he tenders back with his response amounting to $148.90, and $9.10 costs. Outten v. Palmetter, 7 J. J. Marshall, 241; Am. & Eng. Ency. of Pl. & Pr., vol. 18, p. 895.

OPINION OF THE COURT BY CHIEF JUSTICE BURNAM—AFFIRMING.

This is an appeal from a judgment discharging a rule which sought restitution of money received under a judgment of the Jefferson Circuit Court which was subsequently reversed by this court. The facts of the case are fully recited in the opinion of the court upon the former appeal by Judge DuRelle, and in the separate opinion of Judge Guffy, reported in 56 S. W., 983, 22 Ky. Law Rep., 234. Upon the return of the case to the lower court, it was decided that the infant defendants were entitled to $534, with interest from the 9th of July, 1898, as the value of the homestead adjudged them upon the former appeal. It was also shown that there had been paid to the appellee, R. C. Waggener, $514.60, from the funds on hand at the date of the former judgment, and upon motion of the infant defendants a rule was awarded against him to show cause why he should not repay into court the

full amount of the money which he had withdrawn under the reversed judgment. In his response to this rule, he claimed that he had only received, as his pro rata of the fund finally adjudged the infants in lieu of homestead, $158, and that he ought not to be held liable for any greater amount, and paid the sum which he admitted to be due into court. The action having been submitted on the response of Waggener to the rule against him, it was discharged, and a judgment awarding appellants $158 was entered. The defendants excepted to the judgment, and have again appealed, and insist that they should not be driven to collect the full amount allowed to them as a homestead exemption from the insolvent creditors, but are entitled to have restitution to the full extent of the pro rata received by appellee from the estate of their father upon his debt, upon the ground that their claim for the homestead was a preferred one.

The rule is well settled that restitution on reversal of a judgment can be compelled from only parties to the record, their assignees or personal representatives, and only to the extent that such parties have actually profited by the erroneous judgment. Gregory v. Litsey, 48 Ky., 43, 48 Am. Dec., 415; Morgan v. Hart, 48 Ky., 79; Ball v. Lively, 34 Ky., 371; Outten v. Palmatter, 30 Ky., 241. We think the trial court properly limited the amount to be paid by appellee to the amount actually received by him as his pro rata of the fund finally adjudged appellants.

It is insisted in the brief of counsel representing appellants that as appellees delayed from the date of the submission of this case on the 13th of November, 1902, until the 26th of May, 1904, to file their brief, they should be required to pay the cost up to the latter date. Rule 3 provides that "in all cases or appeals hereafter filed, or now filed and not submitted, it shall be the duty of the appellant to file his

brief twenty days prior to the day the case is set for hearing, and the appellee to file his brief ten days prior to that time, and a failure to do so by the appellant shall cause a dismissal of the appeal without prejudice, and upon the part of the appellee, he will, if in default, be required to pay the costs up to the date of filing his brief." This court has not seen fit heretofore *sua sponte* to enforce rule 3, and has uniformly refused to dismiss an appeal for failure of appellant to file brief when the motion came for the first time after the submission of the case; and it has also for the same reason refused to impose the payment of costs upon appellee for the failure to file brief unless motion to this effect was made by the appellant prior to the submission of the cause. As no motion was made by appellants in this case either before or after the submission of the case, the court does not feel warranted in following the suggestion of counsel for appellants as to costs.

For reasons indicated, the judgment is affirmed.