CASE 57.—ACTION BY JOHN L. GREEN AGAINST J. R. QUISENBERRY AND OTHERS.—April 29, 1909.

# Green v. Quisenberry, &c.

Appeal from Madison Circuit Court.

J. M. BENTON, Circuit Judge.

Judgment for defendants, plaintiff appeals.—Reversed.

1. Injunction—Bond—Action—Petition.—Plaintiff, a life tenant, leased the land, agreeing to place and hold his tenant in peaceable possession, but, before a crop had been planted, the remaindermen sued both plaintiff and his tenant for forfeiture of plaintiff's life estate for waste, and obtained an injunction restraining plaintiff and his tenant from cropping the land. Held, that a petition on the injunction bond after the injunction had been dissolved, alleging such facts and that plaintiff was damaged by the loss of the rent, stated a cause of action, though it did not allege that the injunction expressly commanded plaintiff not to collect the rent under the lease, or restrained the tenant from paying it; the tenant not being liable for rent because of failure of consideration.

2. Injunction—Duty to Obey.—It is the duty of the party against whom an injunction is issued to obey it as long as it remains in force, regardless of whether it was rightfully or wrongfully issued.

3. Injunction—Action on Bond—Petition.—Plaintiff in an action on an injunction bond is limited to the damages alleged.

4. Injunction—Action on Bond—Attorney's Fees—Right to Recover.—Where an injunction is the only relief sought, and gives that relief, if sustained, no recovery for attorney's fees can be had on dissolution of the injunction, but if injunctive relief is ancilliary, or is relied on to secure the relief when obtained, a recovery may be had on the bond for reasonable attorney's fees for services in dissolving the injunction; and hence, in an action by the remaindermen against the life tenant and his tenant in possession to forfeit the life estate for waste, where an injunction was obtained against further waste, which was subsequently dissolved, the life tenant was entitled to recover reasonable attorney's fees paid or incurred for services in dissolving the injunction, apart from services rendered in defending the action.

A. R. BURNAM & SON attorney for appellant.

We are unable to concur in the conclusion of the trial judge that the opinion for Walden vs. Conn affords any support for the judgment rendered in this action, and is clearly differentiated from the opinion in that case. The appellee did not proceed forcibly and unlawfully, on the contrary he availed himself of the remedies provided by the statute. After the service of the injunction upon the appellant by the appellee, he could not proceed with the cultivation of the land, either by his tenant or by his own labor. He was commanded by the Commonwealth at the instance of the appellee to stop. The effect of this order was to render inoperative his contract to hold Minter in peaceable possession and to stop any cultivation of the land till the cause could be determined. The injunction granted appellee was not only to restrain Minter, the tenant, or any of his servants but also to deprive appellant of the right to cultivate the land for the year 1908. In this suit we think that the trial court erred in sustaining appellees demurrer and dismissing the appellants petition.

We further ask a reversal with directions that the case be tried out on its merits.

S. M. WALLACE and W. S. MOBERLY for appellee.

In conclusion we ask that the judgment of the lower court sustaining the demurrer to, and dismissing the petition of the appellant, be affirmed. The appellant Green has his remedy against his tenant Minter for the rents he claims to have lost.

### CITATION OF AUTHORITIES.

Walden v. Conn, 84 Ky. 312; Bennett v. Vandyke, 11 Ky. L. R. 953; 24 Cyc. 925; 18 Am. & Eng. Ency of Law, 452; quoted in L. & N. R. R. Co. v. Moore, (Ky.), 101 S. W. 934; K. C. R. R. Co. v. Higgins, 9 K. L. R. 649; Trabue v. Talbott, 29 Ky. (6 J. J. Mar.) 602; Robertson v. Rodes, 52 Ky. (13 B. Mon.) 261 and Elizabethtown R. R. Co. v. Price, 11 Ky. L. R. 367; Tiedman, Real Property, Sec. 187; Tiffany, Modern Law of real property, Vol. 1, page 97; Stubbins v. Village of Evanston, 136 Ill. 37; 29 Am. St. Reps. 300; Gluck v. City of Baltimore, 81 Md. 315; 48 Am. St. Rep. 515; Workman v. Mifflin, 30 Pa. St. 362; Bennett v. Lambert, 100 Ky. 737; Tyler v. Hamilton, 108 Ky. 120.

OPINION OF THE COURT BY CHIEF JUSTICE SETTLE— Reversing.

This is an appeal from a judgment of the Madison Circuit Court sustaining a demurrer to and dismissing appellant's petition; the action being one to recover upon an injunction bond damages appellant claims to have sustained by reason of the wrongful

issual of an injunction by procurement of the appel-
lee J. R. Quisenberry, who, together with the appel-
lee R. E. Turner, as surety, executed the bond re-
quired to obtain it.  It appears from the averments
of the petition that appellant owns the life estate in
a 60-acre tract of land in Madison county which he
early in the year 1908 leased to Leonard Minter for
a term of three years at an annual rental of
$333.33 1-3.  By the terms of the lease Minter was to
clean up the land, put it in suitable condition for cul-
tivation, and cultivate 50 acres of it in corn and to-
bacco.  The lease also contained a covenant that ap-
pellant would place and hold Minter in peaceable
possession of the leased premises.  The latter took
possession of the land, and immediately commenced
to clean it up preparatory to its cultivation.  After
Minter had done considerable work in preparing the
land for a crop, but before he had an opportunity to
plant the crop, the appellee Quisenberry, owner in
remainder of the land, brought in the Madison Circuit
Court against the appellant as life tenant and Minter
lessee of the land, an action for waste and to recover
the land by a forfeiture of the life estate of the for-
mer and treble damages amounting to $500 for the
alleged waste.  In that action, following the execu-
tion of a proper bond therefor, the injunction in
question was obtained whereby the life tenant was
restrained from permitting performance by the les-
see, Minter, of the covenants of the lease, and the
latter from doing work upon the land, and from pitch-
ing or producing a crop for or during the year 1908.
Appellant and Minter filed answers to the petition in
that case, denying the alleged waste, the right of ap-
pellee to the forfeiture or damages claimed, and con-

troverting the grounds alleged for the injunction. The trial of the case, which occurred in October, 1908, resulted in a judgment dismissing the action and dissolving the injunction. Shortly after the rendition of that judgment, appellant instituted the present action against appellee and the surety in the injunction bond to recover the damages resulting to him from the wrongful obtention by appellee of the injunction, which the petition alleges is $350 for loss of rent on the land by reason of and during the continuance of the injunction and $250 fees paid his attorneys, making altogether $600.

The only question presented by this appeal for our consideration is: Does the petition in the instant case state a cause of action? The circuit court held that it did not; and hence the demurrer interposed by appellees to the petition was sustained. We think the court erred in sustaining the demurrer. Fairly construed, the averments of the petition are to the effect that the injunction not only prevented Minter, appellant's tenant, from proceeding with the work of clearing up the land, preparing it for cultivation, and also from producing a crop in 1908, but that it likewise prevented appellant from collecting of the tenant the rent for that year. The action was against both appellant and his tenant and the injunction issued against and executed upon each of them. While it did not in express terms command appellant not to collect the stipulated rent or restrain the tenant from paying it, both were restrained by it from performing the rent contract until it was too late to prepare the land for cultivation, or to raise a crop in the year 1908. Obviously the tenant was not liable under the circumstances for that year's rent, nor could appel-

lant by suit have compelled him to pay it; for the tenant, if sued for it, could have escaped liability upon the ground of a failure of consideration, as he was not permitted to raise a crop that year, and received no benefit from his mere possession of the land. Besides, under a covenant of the lease, appellant was obliged to protect him in the peaceable possession of the leased premises, and the right to cultivate it and produce a crop of corn and tobacco upon 50 acres of it, no matter from what source interference might come. Moreover, it was the duty of appellant and his tenant to obey the injunction as long as it remained in force, regardless of whether it was rightfully or wrongfully obtained; nor were they relieved of this duty until the injunction was by judgment of the court dissolved. The fact that the injunction was wrongfully issued having been determined by the judgment dissolving it rendered in the former action, and appellant being protected by the injunction bond as well as his tenant, we conclude that the petition states a cause of action as to the claim of appellant for damages resulting from the loss of rent for the year 1908. But, as the petition does not allege any other damage than what appellant sustained in the loss of rent, his recovery on that score should not exceed the amount he was to receive from his tenant by way of rent for the year 1908, viz., $333.33 1-3.

The question of whether the further item of $250 damages by way of an attorney's fee claimed in the petition to have been expended by appellant in defeating the injunction, the reasonableness of which is duly alleged, can be recovered by him, is not free from doubt. The rule, however, seems to be that when the injunction is the only relief sought, and, in fact, gives

the relief, if sustained, no recovery for attorney's fees can be had; but when the injunction is merely ancillary, or in aid of the relief sought, or is relied on to secure the relief when obtained, a recovery may be had on the bond for the payment of reasonable attorney's fees when the defendant has succeeded in dissolving the injunction. Tyler & Apperson v. Hamilton, etc., 108 Ky. 120, 55 S. W. 920, 21 R. 1516 Turnpike Company v. Dulaney, 86 Ky. 518, 6 S. W. 590, 9 R. 697; Burgen v. Sharer, 14 B. Mon. 497. We gather from the averments of the petition in the instant case that the action in which the injunction was obtained against appellant and his tenant was brought by the remainderman to recover of appellant as life tenant the land the latter leased to Minter, on the ground that appellant by committing or suffering waste had forfeited his life estate therein which entitled the remainderman to immediate possession. The remainderman also sought to recover in that action of the life tenant treble damages for the waste committed, and, in addition, obtained the injunction to prevent the life tenant and his tenant from committing further waste to the land. In this view of the matter, it would seem that the primary purpose of the action was the recovery of the land and damages for the injury to it from the waste resulting from the life tenant's acts or sufferance while in possession. If this be true, the injunction was not the only remedy, but was merely ancillary or in aid of the relief sought, for its object was to prevent further waste, and therefore alleged irreparable injury before the termination of the prime or real cause of action. Perhaps our meaning can be better explained by quoting the following illustration contained in Turnpike Co. v.

Dulaney, supra: "So, in case of an injunction, when the widow asserts her right to dower, and obtains an injunction to stay waste, the right to dower may be conceded or litigated; and, if it turns out that the injunction was improperly granted and is dissolved, a recovery may be had for the attorney's fees arising from the employment to dissolve the injunction. Injunctions, therefore, like attachments when dissolved, and are obtained as ancillary to an original proceeding, the obligors on the injunction bond are liable for a reasonable attorney's fee. To this extent the doctrine has been carried by this court as to the measure of recovery on attachment, and injunction bonds, but no further."

While in the instant case the averments of the petition as to the claim for attorney's fees are somewhat indefinite, yet, on the whole, they seem to authorize a recovery of attorney's fees on the injunction bond, but the recovery can go no further than what would be a reasonable fee paid, or agreed to be paid, by appellant in the employment of counsel to resist and defeat the injunction. We have seen from the excerpt quoted above that an action upon an injunction bond is governed by the same rule that applies to an action upon an attachment bond. In either case the damages that can be recovered on the bond, including attorney's fees, are such as result from the order of injunction or attachment, and not the damages incurred by reason of the action independent of the injunction or attainment. Trapnall v. McAfee, 3 Metc. 34, 77 Am. Dec. 152; Shultz v. Morrison, 3 Metc. 99; Caldwell v. Deposit Bank, 109 Ky. 197, 58 S. W. 589, 22 R. 684. So, in the matter of the attorney's fee claimed by appellant, we will say that,

if the whole of it was incurred in defending the action in which the injunction was obtained, nothing by way of such fee can be recovered on the bond, but, if incurred in defending the injunction alone, it can be, or, if incurred partly in defending the injunction and partly in defense of the action, it is recoverable as far as applicable to the injunction. Johnson v. Farmers' Bank, 4 Bush, 283; McClure v. Renaker (Ky.) 51 S. W. 317, 21 R. 360.

For the reasons indicated, the judgment is reversed and cause remanded for further proceedings consistent with the opinion.

Petition by appellee for rehearing overruled.