## Holliday v. Sphar.

(Decided May 27, 1938.)

MARCUS C. REDWINE and J. SMITH HAYS for appellant.

D. L. PENDLETON, J. M. STEVENSON and FRANK STEVENSON for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER—Affirming.

W. M. Holliday sued W. R. Sphar and sought to recover of him upon certain injunction bonds, $3,636.76, for alleged damages for the wrongful issue of certain injunctions obtained against him. Holliday was unsuccessful and he has appealed. The reader of this opinion will understand it better if he will first read the opinion in Holliday v. Sphar, 262 Ky. 45, 89 S. W. (2d) 327.

On May 22nd, 1935, Sphar filed a petition in equity in the Clark Circuit Court against W. M. Holliday. In

order that we may know exactly the relief sought, we copy here the prayer of that petition and have italicised a part of it for our convenience.

"Wherefore the plaintiff, *William R. Sphar, prays that the defendant, W. M. Holliday be perpetually enjoined and restrained, and that a temporary restraining order be issued herein enjoining and restraining the defendant, W. M. Holliday, from erecting or building any other building or improvement on his said lots other than a residence costing not less than Thirty-five Hundred Dollars ($3500.00) and not closer to his front property line than twenty-five (25) feet on Boone and Belmont Avenues,* and he prays for his costs and all proper relief."

On June 3rd, 1935, Holliday filed his answer, and here is a copy of the relief he sought in that answer and we have italicised a portion of it.

"Wherefore, the defendant prays *that the plaintiff take nothing by his petition and it be dismissed,* and that the defendant recover of the plaintiff his cost herein expended and he prays for all proper relief."

If we were to strike out the italicised portions of the prayers of this petition and answer there would be nothing left at issue which shows conclusively that the only thing involved on that former trial was the injunctive relief which Mr. Sphar was seeking. Upon the final hearing of that former case in this court, it was held Sphar was not entitled to that injunctive relief.

When he first filed his suit, Sphar executed a bond and obtained from the clerk a temporary restraining order on the 22nd of May, 1935. We give here a copy of that bond, omitting the caption and signatures.

"We, William R. Sphar, principal, and J. M. Stevenson his surety, undertake to the Defendant that the Plaintiff William R. Sphar shall pay to the Defendant, W. M. Holliday the damages he may sustain not to exceed One Thousand Dollars, if it be finally decided that the injunction herein should not have been granted."

On June 4th, 1935, the trial court heard that former case upon Holliday's motion to dissolve that temporary

restraining order and Sphar's motion for a temporary injunction. The trial court by its order then entered (to become effective 20 days thereafter) so modified the restraining order as to allow Holliday to go ahead with the construction of his proposed building and over-ruled Sphar's motion for a temporary injunction.

Application was made to a member of this court and such member directed that a temporary injunction issue to preserve the status until the case could be heard on its merits.

Pursuant thereto and on July 14th, 1935, Sphar obtained a temporary injunction, and executed a bond, which, omitting the caption and signatures, is as follows:

"We, W. R. Sphar, principal, and J. M. Stevenson, surety, undertake that said W. R. Sphar will pay to the defendant, W. M. Holliday, such damages as he may sustain, if it be finally decided that the temporary injunction issued under order of Hon. William Rogers Clay, Judge of the Court of Appeals of Kentucky, ought not to have been granted."

This is an action by W. M. Holliday against Mr. Sphar on these bonds, in which he sought to recover for the following:

Net profits of business for 8½ months .......$3,049.00
Attorney's fees in former suit ..............  450.00
Expenses and cost, in former suit ...........  137.76

Total  ...................................$3,636.76

This charge of expense and cost totaling $137.76 was itemized as follows:

Defendant's cost due L. D. Aldridge ..........$ 22 50
Sheriff's fee, due Lisle Fox .................  1.70
Taxed attorney's fee .........................  5.00
Writ tax .....................................   .50
Depositions, paid Mrs. Elkins ................ 19.20
Carbon copy of transcript paid by Holliday ... 17.36
Holliday's expenses to Richmond, Frankfort,
    Shelbyville  ............................. 30.00
Cost of printing brief ....................... 27.50
    Paid out by Holliday for labor just before
    restraining order was issued .............  8.00

Paid by Holliday to L. A. Nevins for pictures
used on the trial ........................ 6.00

$137.76

Upon the hearing of this cause Holliday admitted that Sphar had paid a part of the first five items in the above account, and Sphar offered to confess judgment for the $24.70 remaining of such five items and the court awarded Holliday a judgment against Sphar for $24.70 and cost to that day expended. Thereupon, Sphar moved to strike the remainder of Holliday's petition as amended, which motion the court sustained. The plaintiff declined to plead further and the court awarded Holliday a judgment against Sphar for the costs to that date expended and dismissed Holliday's petition and he has appealed.

Ordinarily a motion to strike cannot be used in place of a demurrer. See Louisville & N. R. Co. v. Horton, 187 Ky. 617, 219 S. W. 1084; Mann v. Woodward, 217 Ky. 491, 290 S. W. 333; Burton v. Ott, 226 Ky. 647, 11 S. W. (2d) 700; City of Princeton v. Baker, 237 Ky. 325, 35 S. W. (2d) 524; 49 C. J. 686, sec. 975.

However in this case the parties treated this motion to strike as a demurrer, the court treated it as a demurrer, and the order shows that Holliday declined to further amend his petition and thereupon the court dismissed it. So, we will do as they did. We will treat it as a demurrer in our examination of this record. The effect of sustaining this motion to strike was to deny Holliday the right to recover his alleged profits of $3,049.00, his attorney's fee of $450.00 and the last five items (aggregating $88.86) of his $137.76 claim. We shall now consider these as Holliday set them out in his amended petition.

### The $3,049.00 Claim.

Holliday alleged that he was deprived of the use of his property for 8½ months and that if he had been allowed to use that property for that time he would have made profits and incurred expenses as follows:

Gross Profits—Sales for 8½ months.

Gasoline—9,000 gallons per month, 4 cents
per gallon profit or $360.00 per month,
or 8½ months ...................... $3,060.00

Oil—400 quarts per month, at least 10 cents quart profit or $40.00 per month or for 8½ months .......................... 340.00

Store—Gross Sales per day $30.00 with average 20% profit, or about $180 per month, or for 8½ months ................... 1,530.00

Expense of doing this business:—

| | | | |
|---|---|---|---|
| Clerk, self $50. per mo. for 8½ mos. | $ | 425.00 | |
| Clerk, wife " " " " " | | 425.00 | |
| Rent, $100.00 | " " | 850.00 | |
| Utilities, lights | " " | 76.00 | |
| Gas | " " | 15.00 | |
| Telephone | " " | 40.00 | |
| Heating | " " | 30.00 | |
| Water | " " | 20.00 | |
| Net Profits | " " | 3049.00 | |

$4930.00    $4930.00

Loss of profits from an established business caused by wrongful injunctions are recoverable if they can be ascertained with reasonable certainty. 32 C. J. 468, sec. 418. This $3049.00 claim is speculative. Doubtlessly Mr. Holliday fully expected to make such profits as these, but his claim therefor is entirely speculative. There is nothing to show that he had ever had any previous experience in the business he proposed to conduct, or had any reasonable hopes of making such profits. It is well settled that such conjectural profits cannot be recovered. See 32 C. J. p. 466, sec. 810; 32 C. J. p. 468, sec. 814; 17 C. J. p. 753, sec. 86; 17 C. J. p. 910, sec. 199; 17 C. J. p. 785, sec. 112.

In the case of Epenbaugh v. Gooch, 15 Ky. Law Rep. 576, in the abstract of the opinion published there, we find this:

"Conjectural profits which might have been realized from the use of land are too remote and uncertain to be recovered as damages on account of being deprived of the use of the land."

We regard 17 C. J. p. 797, sec. 118, as the correct statement of the law as regards a new business. In support of it there is cited the case of Whitehead v. Cape Henry Syndicate, 111 Va. 193, 68 S. E. 263. That case is quite instructive. It was a fishing case. Whitehead had obtained a license to fish and began his opera-

tion. After approximately one month's operation his business was interrupted by an injunction sued out by the Cape Henry Syndicate, which injunction was subsequently dissolved by the Supreme Court of Appeals of Virginia. Whitehead v. Cape Henry Syndicate, 105 Va. 463, 54 S. E. 306. Whitehead then sued the Cape Henry Syndicate upon the injunction bonds and obtained a judgment for $1100.00. Subsequently that judgment was set aside and Whitehead appealed from that order. The Supreme Court of Appeals of Virginia, in denying him a recovery, said (68 S. E. page 264):

"Profits are not excluded from recovery because they are profits, but, when excluded, it is because there are no criteria by which their amount can be ascertained with reasonable certainty or definiteness. When prospective profits or gains can be so proved, and their loss is the natural and proximate result of the wrongful act complained of, they may be recovered.

"* * * It is insisted by the plaintiff, however, that, even if the gains or profits sought to be recovered do depend upon future bargains and states of the market, they can be recovered if the business interfered with or destroyed is an established one.

"Even if this were so (as to which we express no opinion), it would not aid the plaintiff, since his business was not an established one. The doctrine in those jurisdictions in which the rule invoked prevails is thus stated in 13 Cyc. 59: 'Where an established business is wrongfully injured, destroyed, or interrupted, the owner of such business can recover damages sustained, but in all cases it must be made to appear that the business that is claimed to have been interrupted was an established one, that it had been successfully conducted for such a length of time and had such a trade established that the profits thereof are reasonably ascertainable;' but, 'where a new business or enterprise is floated and damages by way of profit are claimed for its interruption or prevention, they will be denied, for the reason that such business is an adventure as distinguished from an established business, and its profits are remote and speculative, existing only in anticipation.'

"It is clear that the plaintiff's business, under

this statement of the rule invoked, was a new and not an established business. He had only been conducting it for about one month. It had not been conducted long enough and had no such trade established as would show with reasonable certainty what its profits, if any, would be. It was a new business, whose profits depended not only upon future bargains and states of the market, but upon other contingencies, such as the run of the fish that season, and the kind and quantity caught. The profits sought to be recovered by the plaintiff seem to us, under the rule invoked as well as under the principle established by our own decisions, to depend upon too many contingencies, and are altogether too uncertain to furnish a safe guide in fixing the measure of the plaintiff's damages.''

The plaintiff in that case was in a better position to establish his damages than is the plaintiff in this case. He had about one month's experience on which to base his claim for damages, whereas the plaintiff in the case before us has absolutely none.

Therefore, we conclude the court did not err in declining to allow this $3049.00 or any part of it, as the plaintiff's petition was defective in failing to allege he had had any previous experience in such a business in this neighborhood or elsewhere on which to base any reasonable hope of making such profits.

### Attorney's Fees.

The claim for attorney's fees presents greater difficulty. In the case of Burgen v. Sharer, 53 Ky. 497, 14 B. Mon. 497, we had before us a question of damages upon an injunction bond and in the course of that opinion we said:

"The plaintiff * * * might have prayed for a perpetual injunction on the final hearing, without having sued out an injunction to operate during the pendency of the suit, and then the labor, and costs, and expenses of the defendant in making his defense, would have been the same that he would have had to incur if an injunction had been sued out at the commencement of the action. This proves that the costs and expenses of the suit are not occasioned by the injunction, and consequently that they are not embraced by the terms of the bond. The only damage for which a plaintiff can recover,,

in an action upon such a bond, is such as results from the operation of the injunction itself, and not that which is occasioned by the action independent of the injunction."

This court has followed and has cited this opinion in the following cases: Bennett v. Lamber, 100 Ky. 737, 39 S. W. 419, 18 Ky. Law Rep. 1057; Crawford v. Staples, 184 Ky. 477, 212 S. W. 119; Russell's Heirs v. Marks' Heirs, 60 Ky. 37, 3 Metc. 37; Johnson v. Farmers' Bank of Ky., 67 Ky. 283, 4 Bush 283; Schnabel v. Waggener, 118 Ky. 362, 80 S. W. 1125, 26 Ky. Law Rep. 258; Tyler et al. v. Hamilton et al., 108 Ky. 120, 55 S. W. 920, 921, 21 Ky. Law Rep. 1516; Bartram v. Ohio & B. S. R. Co., 141 Ky. 100, 132 S. W. 188; Stearns Coal & Lumber Co. v. Tuggle, 167 Ky. 438, 180 S. W. 532; Elkhorn Coal Co. et al. v. Justice, 214 Ky. 451, 283 S. W. 399; Graham et al. v. Rice et al., 110 S. W. 231, 33 Ky. Law Rep. 441; Chicago, St. L. & N. O. R. Co. v. Sullivan, 80 S. W. 791, 26 Ky. Law Rep. 46; New National Turnpike Co. v. Dulaney, 86 Ky. 516, 6 S. W. 590, 9 Ky. Law Rep. 697; Green v. Quisenberry, 133 Ky. 561, 118 S. W. 361.

In the last eight cases in the above list the court was specifically passing upon the question of attorney's fees and they were disallowed.

The reason such fees are not allowed is thus set out by the United States Supreme Court in the case of Oelrichs v. Williams, 15 Wall. 211, 231, 21 L. Ed. 43:

"The point here in question has never been expressly decided by this court, but it is clearly within the reasoning of the case last referred to, and we think is substantially determined by that adjudication. In debt, covenant, and assumpsit, damages are recovered, but counsel fees are never included. So in equity cases, where there is no injunction bond, only the taxable costs are allowed to the complainants. The same rule is applied to the defendant, however unjust the litigation on the other side, and however large the expensa litis to which he may have been subjected. The parties in this respect are upon a footing of equality. There is no fixed standard by which the honorarium can be measured. Some counsel demand much more than others. Some clients are willing to pay more than others. More counsel may be employed than

are necessary. When both client and counsel know that the fees are to be paid by the other party there is danger of abuse. A reference to a master, or an issue to a jury, might be necessary to ascertain the proper amount, and this grafted litigation might possibly be more animated and protracted than that in the original cause. It would be an office of some delicacy on the part of the court to scale down the charges, as might sometimes be necessary.

"We think the principle of disallowance rests on a solid foundation, and that the opposite rule is forbidden by the analogies of the law and sound public policy."

This question of allowing attorney's fees is the subject of an extensive note following the case of Littleton v. Burgess, 16 Wyo. 58, 91 P. 832, 16 L. R. A., N. S., 49, in which note it is stated that the above rule adopted by the United States Supreme Court is followed in 26 states of the Union among which states is the State of Kentucky. From these notes we take the following:

"Except by statute, the defendant in any civil action has no recourse against the plaintiff for counsel or attorneys' fees that he is compelled to pay in making his defense, however groundless the action may have been. Robertson v. Robertson, 58 Ala. 68.

"The ordinary rule is that counsel fees earned in the general defense on the merits of the injunction action are not recoverable as damages upon the bond given to procure the injunction."

The following Kentucky cases are there cited in support of what we have quoted: Burgen v. Sharer, 14 B. Mon. 497; New National Turnpike Co. v. Dulaney, 86 Ky. 516, 6 S. W. 590, 9 Ky. Law Rep. 697; Bennett v. Lambert, 100 Ky. 737, 39 S. W. 419, 18 Ky. Law Rep. 1057; Williams v. Allen, 54 S. W. 720, 21 Ky. Law Rep. 1191; Tyler v. Hamilton, 108 Ky. 120, 55 S. W. 920, 21 Ky. Law Rep. 1516; Boyd v. Chambers, 9 Ky. Law Rep. 56; Bemis v. Spalding, 9 Ky. Law Rep. 764; Barber v. Edelin, 9 Ky. Law Rep. 971.

This question is also the subject of a note following the case of Albers Comm. Co. v. Spencer, 236 Mo.

608, 139 S. W. 321, in Ann. Cas. 1912D, 705, for note beginning on page 715.

The rule in this state stated in the case of New National Turnpike Co. v. Dulaney, 86 Ky. 516, 518, 6 S. W. 590, 9 Ky. Law Rep. 697, is this:

> "Where the injunction is the relief sought, and in fact gives the relief, if sustained, no recovery for counsel fees can be had."

That case was followed on this point in Bennett v. Lambert, 100 Ky. 737, 39 S. W. 419, 18 Ky. Law Rep. 1057; McClure v. Renaker et al., 51 S. W. 317, 21 Ky. Law Rep. 360; Williams v. Allen, 54 S. W. 720, 21 Ky. Law Rep. 1191; Tyler v. Hamilton, 108 Ky. 120, 55 S. W. 920, 21 Ky. Law Rep. 1516; Chicago, St. L. & N. O. R. Co. v. Sullivan, 80 S. W. 791, 26 Ky. Law Rep. 46; Fidelity & Deposit Co. of Md. v. Tinsley, 100 S. W. 272, 30 Ky. Law Rep. 1095; Graham v. Rice, 110 S. W. 231, 33 Ky. Law Rep. 441; Green v. Quisenberry, 133 Ky. 561, 118 S. W. 361; Bartram v. Ohio & B. S. R. Co., 141 Ky. 100, 132 S. W. 188; Elkhorn Coal Co. v. Justice, 214 Ky. 451, 283 S. W. 399; Holt's Adm'r v. Johnson, 247 Ky. 180, 56 S. W. (2d) 962.

That seems to be the settled rule in this state and since the injunctive relief was all the relief that was sought here, Mr. Holliday can not recover his counsel fees.

### The $137.76 Claim.

We have itemized this claim above and have stated that Sphar had paid or confessed judgment for the first five items, which leaves the other five unpaid, aggregating $88.86. If this had been a simple equity case, the first five items would unquestionably have been all that Holliday could have recovered. His sole claim for the recovery of the last five is that this is an injunction case and that the last five items are not ordinary costs, but are special expenses to which he was put to rid himself of this injunction and that he should recover them, not as costs, but as damages that were imposed upon him by the execution of the bonds and the issual of the injunctions. We feel that what we have quoted above from the Supreme Court controls this matter and that the usual costs of a simple equity case is all the cost that Holliday should recover.

We will now examine these costs. The first is an

item of $17.36 which he alleges he paid for a carbon copy. Of course, this carbon copy was convenient but it was not absolutely necessary. The next is an item of $30.00 which he charges for traveling expenses. Ordinarily such expenses are not allowed. See Youngs v. McDonald, 56 App. Div. 14, 67 N. Y. S. 375; Id., 166 N. Y. 639, 60 N. E. 1123. The third was the sum of $27.50 which was the cost of printing the brief. While this was convenient, it was not absolutely necessary and was properly disallowed. The same is true of the $6.00 expended for taking pictures of the premises. This leaves only his claim for $8.00 expended for labor on the lot just before the restraining order was issued. This labor was not lost. Mr. Holliday got the benefit of it when he finally built and he should not recover this of Mr. Sphar.

Finding no prejudicial error in the action of the trial court, its judgment is affirmed.

The whole Court sitting.