### Wilder, et al. v. Miller, et al.

(Decided November 26, 1918.)

## Appeal from Whitley Circuit Court.

1. Injunction—Action on Bond—Trustees of School May Maintain.—
   Where a suit is brought to enjoin the trustees of a common

school from doing certain things and an injunction obtained and bond given, the trustees, for the use and benefit of the school, may maintain an action on the bond for any damages the school district sustained by reason of the injunction.

2. Injunction—Bond—Attorney Fees.—Attorney fees, non-taxable cost, and value of time expended in defending an injunction suit are not recoverable as damages on the bond where the injunction secured the whole relief sought in the suit. The rule is otherwise where the injunction was merely auxiliary to some other relief.

3. Injunction—Construction of Bond To Be Read with Order.—An injunction bond should be read in connection with the order granting the injunction and words omitted from the bond may be supplied by a reference to the order.

4. Injunction—Action on Bond—Recovery of Cost.—In a suit on an injunction bond, court cost may be recovered although there can be no recovery for attorney fees or non-taxable cost.

5. Injunction—Bond—Amount of Damages That May Be Recovered On.—In a suit on an injunction bond the amount of damages recoverable are limited to the amount specified in the bond.

6. Pleading—Petition—Sufficiency of Petition to Recover Damages for Inability to Sell School Bonds.—In a suit on an injunction bond to recover damages because the trustees were prevented by an injunction from selling the bonds, the petition should set out the facts showing how the damages accrued.

STEPHENS & STEELEY for appellants.

HENRY C. GILLIS and M. A. GRAY for appellees.

OPINION OF THE COURT BY JUDGE CARROLL—Reversing.

This appeal brings up for review the correctness of the ruling of the lower court in sustaining a general demurrer to a petition filed by Wilder and others as trustees of the Corbin common graded school against Miller and others as sureties in an injunction bond that was made in a suit previously brought in the Whitley circuit court by Miller and others against Wilder and the other trustees of the Corbin common graded school.

It appears that an election was held in the city of Corbin in March, 1916, under certain provisions of the Kentucky Statutes, not here necessary to notice, for the purpose of taking the sense of the people of the city upon the question whether the system of city graded schools should be converted into a system of graded common schools; that at this election a majority voted in favor of making the change and Wilder and others were elected trustees of the common graded school which was

directed by the people to be set up in place of the city graded school; that after their election the trustees so elected called an election to be held on May 9, 1916, in the city for the purpose of taking the sense of the voters as to whether bonds should be issued in the sum of not to exceed $25,000.00 for the purpose of constructing a suitable school building, and that a majority voted in favor of the bond issue; that soon thereafter suit was brought by Miller and others to enjoin the trustees from issuing or selling the bonds that were authorized to be issued and sold by the election held in May, and in this suit they obtained an injunction on July 24, 1916, restraining Wilder and the other trustees "from acting or attempting to act as a board of trustees for Corbin common graded school district, or from collecting taxes for said alleged graded common school district, or taking possession of or holding any of the school property in the city of Corbin belonging to the city board of education and from interfering with the organization and conduct of the city schools of the city of Corbin, and from interfering in any way with the control of said property by the city board of education. . . .

"This order shall become effective upon the execution by the plaintiffs of bond conditioned by law in the penalty of $1,000.00 and shall remain in full force and effect until further orders of this court, unless dissolved or modified by a judge of the Court of Appeals of Kentucky."

In accordance with the order requiring the execution of a bond before the injunction should become effective, Miller and the other plaintiffs in the suit, on June 24, 1916, executed the following bond:

"We, I. H. Miller, James Wilson and Thos. F. Young, principals, and D. B. Calvert, H. J. Harris, M. A. Gray and W. A. Price, sureties, undertake that the said I. H. Miller, James Wilson and Thos. F. Young shall pay to the defendants, H. Feather, S. M. Haskew, A. S. Wilder and James T. Johnson, such damages, not to exceed the amount named by this court's orders, which they may sustain, if it is finally decided that said injunction which plaintiffs seek ought not to have been granted," which was approved by the judge.

Thereafter and on August 12, 1916, the injunction granted by the judge of the lower court was dissolved by

a judge of this court, and following this order of dissolution, there was a judgment in the Whitley circuit court dismissing the petition in which the injunction was obtained.

Thereafter the suit now before us was brought, as we have stated, by Wilder and other trustees against the sureties in the injunction bond to recover damages.

The petition, after setting out the preliminary facts we have stated and a copy of the order of injunction as well as the bond, proceeded to aver that the trustees were compelled to employ counsel to represent them in the injunction suit, to whom they agreed to pay $500.00, which was a reasonable attorney fee for their services.

It was further set out "that at the time they were enjoined and restrained from further acting as trustees as aforesaid, they had made a contract for the sale of the bonds at a premium for the school of $600.00; but on account of the said injunction they were forced to break the said contract and lose same, and when the said injunction was finally discharged and dissolved, the market had changed so that they were unable to secure this contract again, and after diligent efforts were able to get only $250.00 premium on the said bonds and the said school district lost and was damaged thereby in the full sum of three hundred and fifty dollars."

It was futher averred "that they also had plans drawn for a building, estimates made and were about to enter a contract for the construction of a suitable school building, when the injunction and restraining order was served on them, that after the same was dissolved and discharged they lost their contract on account of the said injunction and the cost of labor and material had so far advanced in price that they were unable to get a similar contract for the construction of the said building, and have now entered into a contract for same at a price of at least six thousand dollars more than it would have cost if the said injunction had not been granted and these plaintiffs restrained from performing their duty as such trustees. That they were forced to pay interest in order to buy seats and equipments for the school in an amount of not less than one hundred dollars, and pay rent on some buildings to conduct the school in a sum of not less than three hundred dollars, and their cost in the Kentucky Court of Appeals, for which they are liable,

amounts to $57.50, which the defendants herein caused them to incur in the defense of the said injunction, and for which they, these plaintiffs, have judgment, but the defendants herein have failed and refused to pay same, and they have been forced to incur expenses in attending court and traveling back and forth to court, in a sum of twenty-five dollars, by reason of all of which these plaintiffs as trustees, and the Corbin common graded school district, have been damaged in the sum of $7,332.50, no part of which has been paid."

The prayer of the petition was that the plaintiffs as trustees have judgment against the defendants for $7,332.50.

It will be observed that the injunction bond does not specify that it was executed to the defendants named therein as trustees of the Corbin common graded school, but we regard the omission to state this fact as immaterial because the suit in which the injunction was obtained was brought against the persons named in the bond as "trustees of the Corbin common graded school," and the order authorizing the issual of an injunction that was made by the circuit judge restrained the named defendants "from acting or attempting to act as the board of trustees for the Corbin common graded school district," in respect to the matters mentioned in the order. It is therefore too obvious to be open to question that the injunction bond was executed to the named defendants in their capacity as trustees of the Corbin common graded school. It was in this capacity that they were sued and it was in this capacity that they were sought to be and were enjoined. Under these circumstances it would be mere trifling to say that the bond was executed to them as individuals and not as trustees. Accordingly the bond should be read in connection with the order of the judge granting the injunction, and this being so, the right of action on the bond, if any, was in the defendants, not as individuals but as trustees of the school for the use and benefit of the school district. In matters like this it is the practice of this court to look at the substance of things and not their mere form, and when the substance can be easily ascertained as in this case we will not stop to inquire whether the mere form pursued was technically accurate.

Another question that should here be settled is whether the trustees of a school who have been enjoined

from executing certain purposes that they, as trustees, had the right to carry into execution for the use and benefit of the school district may, upon the dissolution of the injunction, maintain an action on the bond to recover the damages, if any, the school district sustained by reason of the issual of an injunction which prevented the trustees from doing certain things for the use and benefit of the school that except for the injunction they would have done. Upon this point it seems to us that where it is made to appear that the property rights of the school district were damaged by the issual of the injunction that the trustees should have the same right to maintain an action on the bond to recover such damages as would a private individual whose property rights were preju-dicially affected by the issual of an injunction.

The purpose of the execution of an injunction bond is to indemnify the persons enjoined against any loss they may sustain by reason of the injunction, and if a school district suffers loss on account of an injunction which has been wrongfully obtained, manifestly the trustees, for the use and benefit of the school district, should have the same right to recover damages on the bond as an individual under like circumstances would have. In other words, there should be no difference in this respect between the right of trustees of a public institution to maintain an action for its benefit, and the right of the trustees if they had been sued as individuals to maintain an action for their own benefit. The trustees of common graded schools are authorized by statute to sue and be sued, contract and be contracted with, to the same extent as other corporations, and it would be a curious defect in the law if this statutory right to sue and be sued, contract and be contracted with, did not carry with it the right to institute and maintain any suit to secure the redress of a wrong that the school district had suffered.

We are therefore of the opinion that the trustees of the school district for its use and benefit had the right to maintain an action on the bond.

Coming now to consider the grounds of damages as set up in the petition we find that one of the items relates to expenses incurred in employing attorneys. As to this, it was said in Bartram v. Ohio & Big Sandy R. R. Co., 141 Ky. 100, in accordance with the settled rule prevail-ing in this state, that "whether the attorney's fees, non-

taxable costs, and value of time expended by Bartram in defending the injunction proceedings, are recoverable on the bond, depends on whether the injunction was the sole relief sought in the original suit, or whether it was auxiliary to some other relief. The distinction is well founded in the practice in this state, that in actions of the first kind these items are not recoverable as damages on the bond, while in the second class they are.''

Now we think there can be no doubt that the injunction sought and obtained in this case afforded the whole relief that plaintiffs in the injunction suit desired to obtain, and therefore under the rule stated, there can be no recovery on the bond for attorneys' fees, value of time expended in defending the injunction, or non-taxable cost, such as traveling expenses and hotel bills.

The next item of damages sought to be recovered is the amount alleged to have been lost on account of the fact that before the injunction was obtained the trustees had contracted for the sale of the bonds at a premium of $600.00 but on account of the injunction ''they were forced to break the contract and lose same,'' and when the injunction was discharged they were only able after diligent effort to sell the bonds at a premium of $250.00, whereby the school district sustained a loss of $350.00.

So much of the petition as asserts this item of damages is not well pleaded. The petition does not show that the contract was made with a solvent party or that it was a valid or enforcible contract, or why the trustees were forced to break the contract, or why they could not have enforced the contract if made. It is not, of course, necessary that a petition should set out evidential facts, but it should state such material facts as will enable the defendants to make an issue concerning them if they desire to do so, and contain such information as will permit them to do this. The substance of the averments in question is merely that the trustees had made a contract for the sale of the bonds at a premium of $600.00, which contract, on account of the injunction, they were compelled to break, and when the injunction was discharged they were only able to sell the bonds at a premium of $250.00. We think that the petition in respect to this item should have set out the name of the party with whom they had made the contract, that he was a solvent, responsible party, as well as the facts showing why the

trustees were forced to abandon the contract and could not enforce the contract they had made.

The next item relates to alleged loss occasioned by the increased expenses necessarily incurred in the construction of a school building. The fault with the petition in reference to this item of damages is that it does not charge that any contract for the construction of the building had been entered into before the injunction was issued; the only averment is that the trustees "were about to enter into a contract for the construction of a suitable school building." This defect was in itself fatal to the sufficiency of the petition as to the point in question. Clearly, as we think, an allegation that a valid, enforcible contract had actually been entered into with a responsible party, which contract so entered into they were compelled to abandon on account of the injunction, and a statement of facts showing why they were compelled to abandon it, was indispensably necessary to make a good petition.

Another item of damages sought to be recovered is found in the averment that the trustees were forced to pay $100.00 interest in order to buy seats and equipment the school, and $300.00 rent on a building to conduct the school in. The petition does not show how the issual of the injunction put the trustees to the necessity of paying any interest or rent, and a statement of facts, not mere conclusion, was essential to a good pleading.

The remaining item of damages is the costs amounting to $57.50 which it is averred they recovered a judgment for against the plaintiffs in the injunction suit, but which the plaintiffs had failed and refused to pay; and the further item of $25.00 expenses incurred by them in attending court in connection with the injunction suit. So far as the item of expense incurred in attending court is concerned it must be treated as non-taxable cost, and therefore, under the rule laid down in the Bartram case, *supra,* it is not such damages as may be recovered on the bond, but we think the trustees were entitled to a judgment against the sureties in the bond for the court cost they recovered, and as to this item the petition stated a good cause of action and the demurrer to the whole petition should have been overruled.

Before closing the opinion it may be mentioned that the plaintiffs in the suit sought to recover on the bond,

damages in the sum of $7,332.50, but of course in no event could they recover in a suit on the bond against the obligors therein an amount in excess of that stipulated in the bond.

Wherefore the judgment is reversed with directions to proceed in conformity with this opinion.