## Dora Duff, et al. v. Ira J. Duff.

## Ira J. Duff v. Dora Duff, et al.

(Decided June 24, 1924.)

### Appeals from Perry Circuit Court.

1. Judgment—Judgment Fair on Face Cannot be Set Aside at Subsequent Term.—Circuit court at succeeding term was without authority to set aside judgment of prior term fair on its face, on motion, and it could only be set aside by petition under Civil Code of Practice, section 518, or by appeal or by a proceeding in Court of Appeals under Constitution, section 110, though judgment was entered and signed after expiration of term.

2. Mines and Minerals—Evidence Held Not to Show Lessor Incompetent to Execute Lease.—Evidence held insufficient to show lessor was without mind sufficient to make and understand lease.

3. Mines and Minerals—No Forfeiture for Failure to Properly Work Coal.—There could be no forfeiture of a coal lease for failure to properly work coal where there was no forfeiture clause in lease, remedy being common law action for damages.

FAULKNER, STANFILL & FAULKNER for appellants.

EVERSOLE & CAMPBELL for appellees.

Opinion of the Court by Commissioner Hobson—Reversing the judgment in each case.

On February 10, 1917, John A. Duff executed to Ira Duff a coal lease on a small part of his land. He died in August, 1918, and on August 20, 1918, his children brought this suit to cancel the lease, charging that their father at the time was incompetent to make a contract, and that the lease was obtained by undue influence of Ira Duff, who was his nephew. On their motion an injunction was granted, restraining Ira Duff from further operating under the lease. He filed an answer controverting the allegations of the petition, and setting out the terms of the contract. The plaintiffs demurred to the answer, the court sustained the demurrer on the ground that the contract was unilateral, and Ira Duff appealed to this court.

On the appeal the contract was held not unilateral, and the case was reversed for a hearing on the merits. Duff v. Duff, 187 Ky. 237. A large mass of evidence was taken, and, as shown by the record, on the eighth day of October, 1921, a final judgment was entered reciting that the cause having been finally submitted to the court, it was adjudged on the evidence that John A. Duff had not sufficient mind to make the contract, that the contract be set aside, and that Ira Duff be enjoined from entering on the property under the lease.

Judge John C. Eversole was then the judge of the Perry circuit court. His term expired on the first Monday in January, 1922. Hon. R. B. Roberts was his successor. On January 4, 1922, Ira Duff entered a motion to set aside the judgment entered on October 8th; the motion was sustained, and, the case being resubmitted, a judgment was entered on November 9, 1922, dismissinig the plaintiffs' petition and dissolving the injunction which had been obtained. The plaintiffs appeal from the last judgment dismissing their petition, and Ira Duff also appeals from the former judgment entered by Judge Eversole on October 8th, adjudging the plaintiffs the relief sought.

The facts shown on the motion to set aside the judgment of October 8th, are these:

Judge Eversole only held court in Perry county about a week. He adjourned the court on October 8th, but did not sign the orders of the last day of the term.

About December 20th, he sent to the clerk the judgment in this case and had the clerk to enter it, and after it was entered among the orders of the last day of the term, Judge Eversole then signed the book. The case had been submitted to the court but was not determined by the judge then, and apparently was taken up and disposed of by him in December.

It is earnestly insisted that on these facts the judgment is a nullity, and that the circuit court at the next term had jurisdiction to set aside the unauthorized entry on the order book.

In Bennett v. Tiernay, 78 Ky. 580, where a judgment had been entered under like circumstances, and was changed and signed by the judge on the first day of the next term, the court held that a motion to set aside the judgment was properly overruled, and that after the record is signed, orders and judgments appearing therein can only be vacated by a direct proceeding for a new trial or by appeal. The court said (78 Ky. 584):

> "The practice of rendering judgments on the last day of a term, and leaving them to be entered by the clerk in vacation, is one that should not be encouraged. It opens the door to numberless abuses, and might lead to the most serious consequences. But, whatever orders are so entered by the clerk become, when signed by the judge at the next term, as much the act of the court as if they had been entered and signed during the term: and parol evidence is not admissible to show that they were not so entered and signed, except in a direct proceeding to set them aside. After such orders are signed the record imports absolute verity, and they must for every purpose be treated as orders of the term at which they purport to have been made."

The question came again before this court in Montgomery v. Viers, 130 Ky. 694. In that case the judge of the quarterly court had failed for many years to sign the book, and his term had expired. It was held that though the judge dies, the court never dies, and that the judge then in office might sign the book; that the signing of the book is ministerial, and that the record when signed, and fair on its face, stands as any other record and can only be impeached as other records. To the same effect see Sublett v. Gardner, 144 Ky. 190; Trust Co. v. Casey, 131

Ky. 771; Fristoe v. Gillen, 80 S. W. 823; Monarch v. Brey, 106 Ky. 688.

Under these opinions the circuit court at the succeeding term was without authority to set aside the judgment of October 8 on motion, the record being fair on its face and being regularly signed by the circuit judge. It may only be corrected by petition in the circuit court under section 518 of the Code, or by appeal to this court, or by a proceeding in this court under section 110 of the Constitution, as the facts may warrant.

As both of the judgments entered in the circuit court are before us for review, it remains for us to determine the case on the merits.

The proof fails to show that John A. Duff was without mind sufficient to make and understand a contract. The lease was made at his home, in the presence of his children. He made two other contracts after this of much more importance disposing of his land; he attended to all of his other business; he was regularly paid the royalties under this lease for something like a year after it was made, and there was apparently no objection raised until the parties fell out over the way in which Ira Duff was getting out the coal, that is, they claimed he was not getting it out fast enough.

There is proof in the record that some time after this lease was made John A. Duff had another stroke of paralysis, and after this his mind was bad, but, as shown by the great weight of the testimony, he was fully competent to transact business at the time this lease was made, and nobody then entertained a doubt on the subject.

The lease was really a small transaction so far as he was concerned. It covered only a small body of land, and was valuable to Ira Duff because it gave him a means of getting out his coal from his land, which lay back of John A.'s land, and for this, under the lease, he paid John A. Duff a haulage royalty of two cents a ton.

John A. Duff was a man who had amassed about $50,-000.00 worth of property, and was handling all his property and transacting his own business, and was recognized by those who knew him as a good business man long after he made this lease.

There is proof in the record on behalf of appellants that Ira Duff did not properly work the coal on John A. Duff's land; but there is no forfeiture clause in the lease, and if there has been any breach of any of its stipula-

tions, this may be recovered for in a common law action for damages. There is nothing in the record warranting a cancellation of the lease on this ground.

Each of the judgments appealed from is reversed, and the cause is remanded with directions to the circuit court to enter judgment dismissing the plaintiffs' petition and dissolving the injunction, but without prejudice to a common law action to recover damages for any breach of the covenants of the lease by Ira J. Duff.