## MILLER SURFACING CO. v. BRIDGERS et al. (No. 6772.)

(Court of Civil Appeals of Texas. Austin, June 27, 1924.)

**1. Malicious prosecution ⟨key⟩47 — Contractors' cross-action for damages from injunction against issuance of city warrants held good as against general demurrer.**

In taxpayer's action to enjoin city from issuing warrants to paving contractors in which temporary injunction was granted, contractors' cross-action, alleging that they had begun and had partly completed the work in good faith, and were compelled to cease work during period of temporary injunction, that contractors suffered damages because of deterioration and damages to streets prepared for surfacing while injunction was in force, and that the injunction suit was brought through malice and without probable cause, *held* good as against general demurrer, though temporary injunction did not restrain contractors from proceeding with the work.

**2. Municipal corporations ⟨key⟩1000(4) — Contractors necessary parties to taxpayers' suit to restrain issuance of warrants.**

Contractors are necessary parties to taxpayers' action to enjoin city from delivering warrants to contractors.

**3. Malicious prosecution ⟨key⟩42 — Taxpayers wrongfully enjoining issuance of warrants to contractor are charged with knowledge of street improvement contract.**

Taxpayers suing to enjoin city from delivering warrants to street contractors were charged with knowledge of terms of contract and extent to which contractors had performed contract, so as to be liable for damages sustained by contractors because of temporary injunction granted in action maliciously brought by taxpayers.

**4. Malicious prosecution ⟨key⟩52 — Contractors' cross-action against taxpayers for damages from temporary injunction held to sufficiently plead damages.**

In taxpayers' action to enjoin city from delivering warrants to street improvement contractors, contractors' cross-action for damages sustained by reason of temporary injunction *held* to sufficiently allege the damages sustained.

**5. Malicious prosecution ⟨key⟩66, 68—Contractors could recover from taxpayers actual damages from temporary injunction maliciously obtained but not exemplary damages.**

Street contractors, who were compelled to cease work because of temporary injunction restraining city from issuing warrants granted in action maliciously brought by taxpayers, 'could recover from taxpayers not merely the amount of the injunction bond but also actual damages sustained, in view of Rev. St. art. 1712, but not exemplary damages.

**6. Malicious prosecution ⟨key⟩42—Persons conspiring in malicious action for injunction proper parties to cross-action for damages.**

Persons who had conspired with plaintiffs in malicious suit to enjoin city from delivering warrants to contractors were proper parties in contractors' cross-action for damages sustained, in view of Rev. St. art. 1848.

**7. Malicious prosecution ⟨key⟩67—Expenses element of damages from temporary injunction maliciously obtained.**

Contractors could recover, as damages sustained by reason of temporary injunction, restraining city from issuing warrants, granted in suit maliciously brought by taxpayers, requiring contractors to temporarily cease work, the necessary expenses in moving outfits, equipment, etc., to other city, where they had other contracts, if it was reasonably necessary to remove equipment to other city in order to use it, and if the taxpayers had knowledge thereof; remoteness thereof being question of fact and not ground of exception to pleading.

Appeal from District Court, Lampasas County; Lewis H. Jones, Judge.

Suit by R. W. Bridgers and others against the City of Lampasas and others, in which the Miller Surfacing Company filed cross-action against plaintiffs, and sureties on their bond, and others. From an adverse judgment on their cross-complaint, the Miller Surfacing Company appeals. Reversed and remanded.

Ball, Merrill & Ball, of Houston, for appellant.

J. Tom Higgins, of Lampasas, and W. W. Hair and A. L. Curtis, both of Temple, for appellees.

BAUGH, J. On November 18, 1922, R. W. Bridgers et al., alleging themselves to be taxpaying citizens of the city of Lampasas, applied to the district judge of Lampasas county for a writ of injunction restraining the city of Lampasas, its mayor, board of aldermen, and secretary from carrying out an alleged illegal contract made by the city of Lampasas with the Miller Surfacing Company to pave certain streets in that city. The court in chambers on that date granted the writ as prayed for, enjoining the defendants from issuing or delivering any warrants to Miller Surfacing Company, in payment for paving the streets, and from levying, assessing, or collecting any tax for that purpose. Bond in the sum of $1,000, fixed by the court, was filed by plaintiffs on November 20th, and on November 29th writ was issued. On November 27th the defendants filed a motion to dissolve said injunction, which was granted on December 1, 1922. From this order of the court plaintiffs appealed and the trial court entered his order, continuing the temporary injunction in force pending said appeal. On this appeal the judgment of the trial court dissolving the injunction was affirmed by this court on January 31, 1923, motion for rehearing overruled on March 21, 1923, and writ of error refused

⟨key⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

by the Supreme Court on May 2, 1923. See 249 S. W. 1083, for former proceedings and for fuller statement of the case.

The matter before us on this appeal is the action of the trial court on the cross-action for damages brought by the Miller Surfacing Company, a partnership composed of G. R. Miller, W. L. Pearson, and S. R. Merrill, against all the original plaintiffs in the injunction proceeding, the sureties on the injunction bond, and also against C. D. Stokes and M. Y. Stokes, impleaded by appellants under allegations that they had, for the purpose of preventing the performance of the paving contract, and to hinder, delay, damage, and injure appellants without cause, conspired with and induced the original plaintiffs to bring said injunction suit against them, though they were not parties of record to the suit themselves. This answer and cross-action of appellants is very long, and we will discuss only the portions of same necessary to the disposition of this appeal. The original plaintiffs and the Stokeses filed separate answers to the cross-action, but both answers were in substance the same. The trial court sustained several special exceptions lodged against the cross-action, and upon appellants' refusal to amend rendered judgment against them from which this appeal is prosecuted.

### Opinion.

[1] Appellants' first and second assignments of error complain of the action of the trial court in sustaining a general demurrer to their cross-action for damages. We think this was error. Appellants alleged fully the making of the paving contract; that they had begun work in good faith in carrying it out; that the only payment they were to get for their services was interest-bearing warrants of the city, due in the future, the granting of the injunction prohibiting payment, and restraining the city from carrying out its part of the contract, their cessation of work by reason thereof, deterioration and damage to the streets improved and prepared for surfacing while the injunction was in force, itemized damages otherwise caused by holding up the work while the injunction was in force; that the injunction suit was brought wrongfully and maliciously; and that such damages claimed as a result were known or should have been known to plaintiffs and to the Stokeses at the time as the probable consequences thereof. Appellants then asked for actual damages in the sum of $2,608.94, and exemplary damages for $715 because said injunction suit was brought through malice and without probable cause.

[2, 3] It is true that the injunction restrained only the city of Lampasas, and the Miller Surfacing Company might have fulfilled its part of the contract without violating any of the terms of the injunction. But the proceeding specifically sought to invalidate and destroy the contract under which the appellants were to work. They were necessary parties to such suit (Bonner v. Texarkana [Tex. Civ. App.] 227 S. W. 505), and were served with a copy of the writ. Plaintiffs knew full well that, if the city were enjoined from performing its part of the contract to pay for the paving, this would effectively prevent any further work by appellants under the contract so long as such injunction remained in force, and that such would be the immediate and direct consequence and result. Men of average intelligence will not continue at heavy expense to themselves to pave the streets of a city when a writ of the district court advises them that they will receive no pay therefor. The contract attacked had been authorized and approved by city ordinance. The pleadings show that it contained the specifications of the exact manner in which the surfacing of the streets was to be done. Plaintiffs having sought to nullify it, and it being open to their inspection, they were charged with knowledge of its terms. They resided in the city of Lampasas. The work done and to be done under the contract was necessarily in a public place, and its progress a matter of public knowledge and interest to the citizenship. Consequently, the plaintiffs knew, or should have known, not only the manner of doing the work prescribed by the contract, but also just what appellants had done and were doing under it at the time they secured the injunction. In view of all this we are of the opinion that appellants' pleadings in reconvention stated a cause of action against appellees, good as against a general demurrer.

[4] Appellants' next proposition is based upon the action of the trial court in sustaining appellees' special exception to their cross-action, on the ground that appellants did not allege that such damages were the direct and proximate result of suing out said injunction, and such that were or could have been within the reasonable contemplation of the parties at the time. The damages claimed are itemized in the cross-action; the largest portion alleged being expenses incurred by appellants in reconditioning the streets for surfacing, and in placing them back in the condition in which appellants had them at the time their work on them was stopped by the injunction. Appellants alleged that such additional expenditure by them after the injunction was finally dissolved was necessary to restore the gravel base to its former condition so that the surfacing could be applied according to their contract; that same would not have been necessary had the appellants not been prevented by the injunction from completing the work when first begun; and

that all of this was well known to appellees at the time. We think these allegations sufficient. There may be some question raised as to some of, the items being too remote to be recovered; but whether or not such items were or should have been in contemplation of the parties at the time is ordinarily a question of fact to be determined after hearing the testimony. Alexander v. Ry. Co., 57 Tex. Civ. App. 407, 122 S. W. 572; Ry. Co. v. Mussette, 86 Tex. 708, 26 S. W. 1075, 24 L. R. A. 642; Lancaster v. Fitch, 112 Tex. 293, 246 S. W. 1015.

[5] The next question presented on appeal by proper assignments is whether or not the liability of appellees for wrongfully suing out the injunction is limited to the amount fixed by the injunction bond. In this case the penalty of the bond was $1,000. Actual damages of $2,608.94 and exemplary damages of $715 were pleaded by appellants.

The only Texas case directly in point to which our attention has been called or which we have been able to find is that of Martin v. Sykes, 25 Tex. Supp. 197. In that case the court held that judgment against the sureties for an amount in excess of the bond was error, but not as to the principal, as she was liable for the original debt and damages thereon, regardless of the bond. As to limiting the liability of the principal on such bond to the penalty of the bond, there is considerable conflict of opinion in other jurisdictions. The rule as stated in 32 C. J. 465, is that, where suit is brought on the bond, the bond is controlling, and only such damages are recoverable as are clearly embraced within its terms. However, in 14 R. C. L. 481, we find that:

"What is said to be the better rule, however, is that, although a party may have his remedy on his bond, yet this is not exclusive, and he may, in a proper case, also have a right to maintain an action at law."

See, also, Shute v. Shute, 180 N. C. 386, 104 S. E. 765, and cases there cited; Hubble v. Cole, 88 Va. 236, 13 S. E. 441, 13 L. R. A. 311, 29 Am. St. Rep. 716. Contra: See Wilder v. Miller, 182 Ky. 210, 206 S. W. 293; Pyott Land & Mining Co. v. Tarwater, 126 Tenn. 601, 150 S. W. 539; City of Yonkers v. Federal Sugar Refining Co., 221 N. Y. 206, 116 N. E. 998. Under the common law it seems that there was no liability for damages resulting from the wrongful granting of an injunction, unless the case was one of malicious prosecution. City of Yonkers v. Federal Sugar Co., supra, and cases there cited. However, in the case at bar appellants specifically alleged malicious prosecution. Undoubtedly in such cases damages in excess of the bond will be allowed. Land & Mining Co. v. Tarwater, supra, and cases there cited. In cases of malicious prosecution, however, the rule has been laid down in this state that exemplary damages cannot be recovered. Shackelford County v. Hounsfield (Tex. Civ. App.) 24 S. W. 358; Lomax v. Trull (Tex. Civ. App.) 232 S. W. 864. A contrary rule is intimated if not stated in Brown v. Tyler, 34 Tex. 171; but in Railway Co. v. Ware, 74 Tex. 50, 11 S. W. 918, Judge Gaines doubts the holding in the Brown v. Tyler Case, and follows the rule as announced in Muller v. Landa, 31 Tex. 275, 98 Am. Dec. 529. This would exclude the item of $715 alleged by appellants as exemplary damages.

We think the better rule to be that appellants are not necessarily limited in their recovery to the amount fixed in the bond, but are entitled to recover the actual damages proximately resulting from the wrongful issuance of the injunction, whether maliciously sued out or not. Ry. Co. v. Miller (Tex. Civ. App.) 38 S. W. 1132; Lancaster v. Roth (Tex. Civ. App.) 155 S. W. 597; Anderson v. Wilson (Tex. Civ. App.) 204 S. W. 784. The amount of the bond in such cases is usually little more than an estimate by the court based upon matters of opinion or ex parte statements, and, where it proves to be wholly inadequate to cover the injured party's actual damages, we see no good reason why the party causing the damage should not be held responsible for it. And since our courts have both equity and law jurisdiction in cases properly brought before them, they can grant full relief. Article 1712, R. S. This rule, of course, would not apply to the sureties on the injunction bond. Their liability is limited to the amount fixed in the bond.

[6] Appellants' fifth and sixth propositions assert error of the trial court in dismissing from appellants' cross-action C. D. Stokes and M. Y. Stokes on the grounds of misjoinder of parties and causes of action as to them. We think this was error. As above stated appellants are not confined entirely to the injunction bond in recovering actual damages. In the cross-action they allege specifically that a conspiracy was entered into between the Stokeses and plaintiffs to bring the injunction suit; that prompted by malice and without probable cause C. D. and M. Y. Stokes induced the plaintiffs to bring said suit, assisted in employing an attorney for that purpose, and prompted the wrongful action of plaintiffs, though not joined of record in the suit. If that were true, then, whether their names were signed to the application for injunction or not, they were in fact joint wrongdoers with the plaintiffs. Appellants could have sued them separately, but the suit would have involved the same transaction alleged, the same facts would have been involved, and the same measure of liability would have obtained as that charged against the actual plaintiffs. Appellants' pleadings alleged all these matters. The law abhors a multiplicity of suits. They were therefore

proper parties to the suit on the cause of action pleaded, and the trial court erred in dismissing them. Article 1848, R. S.; National Surety Co. v. Atascosa Ice, Water & Light Co. (Tex. Civ. App.) 222 S. W. 597.

[7] The appellants' seventh proposition, addressed to their fifth and ninth assignments, asserts error of the trial court in striking out upon exception that portion of their cross-action claiming additional freight in the sum of $314, incurred because of the injunction in moving their outfits, equipment, and grader from Lampasas to Austin, where appellants alleged that they had other contracts, and in returning it to Lampasas after the injunction was dissolved. Appellants were charged with reasonable diligence in the use of their machinery to minimize their loss when the injunction was granted. Ordinarily that would have been the fair value of the use of their machinery while the injunction was in force, unless it could have been used by them with equal profit elsewhere. If it was reasonably necessary to remove it to some other city in order to use it, and the appellees knew or should have known that, then appellants would be entitled to recover the necessary expenses in so doing. Hermann v. Allen, 103 Tex. 382, 128 S. W. 115; French v. McCready (Tex. Civ. App.) 57 S. W. 894; Lancaster v. Roth (Tex. Civ. App.) 155 S. W. 597. In any event, we cannot say as a matter of law that the items of damages alleged are too remote to be recoverable. We think rather that whether they were, under the circumstances, the proximate damages, and such as should have been contemplated by the parties at the time, was a question of fact.

We have already discussed the question raised by appellants' eighth and last proposition, and deem further consideration of it unnecessary. For the reasons stated, the judgment of the trial court must be reversed and the cause remanded for trial in accordance with views expressed herein.

Reversed and remanded.