# Strong et al. v. Duff.

(Decided April 22, 1932.)

F. J. EVERSOLE and JESSE MORGAN for appellants.

CRAFT & STANFILL for appellee.

OPINION OF THE COURT BY JUDGE REES—Affirming.

The appellee, Ira J. Duff, who was the plaintiff below, recovered $600 damages on an injunction bond which was signed by appellants as principals. The appellants are asking for a reversal of the judgment for the reason, as claimed by them, that there was no evidence to authorize the instructions given by the trial court and for the further reason that the instructions as given are erroneous. This litigation is the aftermath of a suit instituted by the appellants against the appellee in 1918.

On February 10, 1917, John A. Duff, father of appellants, leased six acres of land to appellee for coal mining purposes. In addition to the right to remove the coal from the leased tract, the appellee was given the right to transport through the entries on the leased tract coal mined on an adjoining tract on condition that he paid 2 cents a ton for all coal so transported. John A. Duff

died in August, 1918, and a few days thereafter appellants instituted an action against appellee to cancel the contract of February 10, 1917, and to enjoin him from exercising any of his alleged rights under the contract and from going upon the leased tract for any purpose whatsoever. They sought to have the contract cancelled on a number of grounds including mental incapacity of John A. Duff, undue influence exercised by Ira J. Duff in obtaining the contract, and because the contract was unilateral.

They obtained a temporary restraining order at the inception of the suit, and the court sustained a demurrer to a paragraph of the answer in which the contract was set out in full. The demurrer was sustained on the ground that the contract was unilateral in its terms. The defendant in that action, who is the appellee here, declined to plead further, and a judgment was entered canceling the contract and enjoining the defendant from entering upon the land.

On appeal to this court the judgment was reversed and the cause remanded for a hearing on the merits. Duff v. Duff, 187 Ky. 237, 218 S. W. 1008. On October 8, 1921, a judgment was entered canceling the contract on the ground that John A. Duff had not sufficient mind to make it and enjoining the defendant from entering upon the land. That judgment was reversed with directions to enter a judgment dismissing the petition and dissolving the injunction. Duff v. Duff, 205 Ky. 10, 265 S. W. 305. Ira J. Duff then instituted this suit on the injunction bond and obtained a judgment for $1,500 which was reversed by this court. Strong v. Duff, 228 Ky. 615, 15 S. W. (2d) 517, 70 A. L. R. 56.

It was held on the former appeal that in no event could a recovery be had beyond the amount of $1,000, the penal sum named in the bond. It was further held that the court erred in submitting to the jury by its instructions the alleged damages plaintiff sustained because of his inability to transport coal from adjoining lands through the entries on the leased tract because he failed to prove that he had any legal right to the coal on any such adjoining land. It was also held that the court erred in submitting to the jury the attorney's fee as an item of damage since there was no testimony as to the amount of the attorney's fee that grew out of or resulted exclusively from an effort to defeat the injunction. On

the return of the case no effort was made to show that plaintiff had any legal right to the coal on any adjoining tract of land or that he had been damaged by reason of his inability to transport such coal over the leased tract, and this item of damages was eliminated from the case.

The plaintiff and a number of the witnesses introduced by him testified that at the time the injunction was obtained there were 85 tons of coal worth $3.30 a ton in the bin on the leased tract; that it would have cost 50 cents a ton to load this coal on the cars and his profit would have amounted to $242.25; that the coal bin and chute erected by him on the leased tract was reasonably worth $580 when the injunction was obtained, but they had rotted and become worthless before the injunction was dissolved; and that five mine cars reasonably worth $200 had been destroyed or carried away during the pendency of the suit. Plaintiff further testified that he paid his attorney a fee of $450 solely for services in dissolving the injunction.

The appellants introduced evidence tending to show that after the injunction was obtained the appellee removed from the leased premises the mine cars and the coal that was in the bin when he was enjoined from going upon the leased land. Appellee denied that he moved any of this property from the leased premises or that any of it was moved with his consent or at his direction. There was a decided conflict in the evidence on this point, but appellants' theory of the case was submitted to the jury in appropriate instructions. The instructions given on the various items of damages claimed are substantially similar to the instructions directed to be given in Brandenberg v. Addison, 221 Ky. 442, 298 S. W. 1091. There was sufficient evidence to authorize them and to sustain the verdict.

The appellants complain especially of the instruction submitting the item of attorney's fees, which reads:

"If the jury shall further believe from the evidence, that by reason of the injunction, the plaintiff, Ira J. Duff, was forced to, and did expend money for attorney's fees, in his effort to dissolve the injunction, you shall find for him such a sum as you may believe from the evidence was a reasonable fee for the services rendered to him and in his behalf in dis-

solving the said injunction, not to exceed the sum of $450.00, the amount claimed in the petition."

It is insisted that this instruction fails to fix the measure of damages in accordance with the opinion on the former appeal, and that if any recovery of attorney's fees was authorized, only a nominal amount could be recovered on this item since practically all the services of appellee's attorney were rendered in defense of the action.

The rule is well established that where an injunction is the sole relief sought, and is not merely ancillary to some other relief, attorney's fees are not recoverable as damages in an action on an injunction bond, but if the injunctive relief sought is ancillary a recovery may be had on the bond for reasonable attorney's fees for services in dissolving the injunction. Elkhorn Coal Company v. Justice, 214 Ky. 451, 283 S. W. 399; Wilder v. Miller, 182 Ky. 210, 206 S. W. 293; Citizens' Trust & Guaranty Company v. Ohio Valley Tie Company, 138 Ky. 421, 128 S. W. 317; Green v. Quisenberry, 133 Ky. 561, 118 S. W. 361, 363; Bennett v. Lambert, 100 Ky. 737, 39 S. W. 419, 18 Ky. Law Rep. 1057. In Green v. Quisenberry, supra, it was said:

"So, in the matter of the attorney's fee claim by appellant, we will say that, if the whole of it was incurred in defending the action in which the injunction was obtained, nothing by way of such fee can be recovered on the bond, but, if incurred in defending the injunction alone, it can be, or, if incurred partly in defending the injunction and partly in defense of the action, it is recoverable as far as applicable to the injunction."

The injunction sought and obtained in this case did not afford the whole relief that plaintiffs in the injunction suit desired to obtain. In addition to obtaining the injunction they desired to have the contract canceled. It might be argued that the right to the injunction could be determined only by the result of the issue on the merits of the case, and therefore that no recovery for extraordinary costs can be had; but in the opinion on the former appeal, 15 S. W. (2d) 517, 520, it was said:

"Plaintiff alleged as separate items of damage that he was compelled to pay an attorney's fee of

"$500 in the injunction case against him, and stenographer's fees for the taking of evidence at its two trials. Since the injunction was not the sole relief sought in that case, whatever attorney's fees and costs that plaintiff sustained, exclusively connected with and attributable to defeating the injunction, would be recoverable in this action on the injunction bond."

That is the law of this case. The appellee on the last trial testified that he paid his attorney $450 solely for services rendered in obtaining a dissolution of the injunction. In instruction No. 4, the court told the jury they should find for the plaintiff such a sum as they might believe from the evidence was a reasonable fee for the services rendered to him in dissolving the injunction. It apparently is appellants' theory that the instruction should have further told the jury that plaintiff could only recover a reasonable attorney's fee for services exclusively connected with and attributable to defeating the injunction.

We think that the instruction as given clearly conveys that thought and that the jury could not have been misled. The plaintiff's evidence warranted a larger verdict than that returned by the jury even if the attorney's fees had been eliminated, and it is questionable whether anything was allowed on this item of damages. We would be compelled, of course to reverse the judgment if the instruction on the amount of attorney's fees recoverable had been so clearly erroneous as probably to prejudice appellants' rights; but in the circumstances, conceding the soundness of appellants' argument that the instruction should have stated more clearly and definitely the limit of such recovery, it was not prejudicially erroneous.

This litigation has extended over a period of nearly fourteen years and has reached this court four times. There must be an end to litigation some time. The appellants have had a fair trial; the jury have rendered a verdict for a reasonable amount under all the evidence, and now is the proper time to end the controversy.

Judgment affirmed.