PEDRO JUAN SERRALLÉS GALIANO, Plaintiff and Appellee, *v.* RAFAEL SAURÍ TRISTANI ET AL., Defendants and Appellants.

No. 5540. Argued June 14, 1932.—Decided January 12, 1933.

*R. V. Pérez Marchand* for appellants. *A. S. Poventud* for appellee.

MR. JUSTICE HUTCHISON delivered the opinion of the Court.

Rafael Saurí and his wife brought an action against William W. Woolard and others to compel the performance of

a contract for a conveyance of land. In the same action they sought to set aside a deed of conveyance executed by Woolard and other defendants in favor of Pedro Juan Serrallés and to recover the land which was in the possession of Serrallés. Pending a determination of that action, plaintiffs therein obtained an injunction whereby Serrallés was forbidden to fence or cultivate the land or to drill wells thereon for purposes of irrigation, all of which he was doing or about to do. The original action was disposed of by this Court in April, 1927. *Saurí et al.* v. *Woolard et al.*, 36 P.R.R. 595. Serrallés now brings this action for damages arising out of the wrongful issuance of the injunction and defendants herein appeal from an adverse judgment.

The district court overruled a demurrer for want of facts sufficient to constitute a cause of action.

*Asevado* v. *Orr*, 100 Cal. 293; *Lacey* v. *Beaudry*, 53 Cal. 693; 3 Bancroft's Code Pleading 2575; and 4 Bancroft's Code Practice and Remedies 4687, are cited in support of appellant's theory that plaintiff's failure to allege malice and want of probable cause in the commencement and prosecution of the original action was fatal. That is the common-law rule. It is followed in most jurisdictions. Both state and federal courts, in one state at least, have refused to adopt it. *Miller Surfacing Co.* v. *Bridgers*, 269 S. W. 838; and *Corpus Christi Gas. Co.* v. *City of Corpus Christi*, 46 F. (2d) 962.

Section 7 of the law which regulates the issuance of injunctions in Puerto Rico (Comp. Stat. 1911, section 1360) provides that—

"On granting an injunction, the court or judge must require, . . . a written undertaking on the part of the applicant, with sufficient sureties to the effect that he will pay to the party enjoined such damages, not exceeding an amount to be specified, as such party may sustain by reason of the injunction, if the court finally decides that the applicant was not entitled thereto."

This provision presupposes the applicant's liability for all damages caused by the issuance of the writ if it should subsequently prove to have been wrongfully issued. The law does not limit that liability to the amount specified in the bond. It does not limit the remedy to an action on the bond. It does not make averment and proof of malice or want of probable cause a condition precedent to recovery in any other action.

By the terms of section 1803 of our Civil Code (Comp. Stat., sec. 4909), "A person who by an act or omission causes damage to another when there is fault or negligence shall be obliged to repair the damage so done." With this broad basis for the redress of wrongs, there is no need for a resort to an action for abuse of process or for malicious prosecution or to any other special action on the case. The reason for the common law rule requiring the averment and proof of malice or want of probable cause is that the common law action for damages caused by the wrongful issuance of an injunction is in the nature of an action for malicious prosecution. In an action brought under section 1803 of our Civil Code there is no more reason why such averment and proof should be required than there would be for the same requirement in an action on the bond.

The present action was commenced within one year from the expiration date of the time within which an appeal might have been taken from the judgment of this Court in *Sauri* v. *Woolard*, 36 P.R.R. 595. This plainly appears upon the face of the complaint. The question as to whether the injunction had been properly issued was finally determined by that judgment. The time within which the present action could have been commenced must be counted from the expiration date of the period within which an appeal might have been taken. Civil Code, section 1872. The action was not barred.

Plaintiff alleged that he had entered into a contract with certain drillers for the drilling of a well on the property; that these drillers had moved machinery from Yauco

to Aibonito and had begun work on the well; that they kept this machinery on the ground for several months after the issuance of the injunction until a decision could be reached; and that plaintiff had been obliged to pay them at a certain rate per day during this delay which extended over a period of one hundred and seventy days. Plaintiff also alleged that he had borrowed the amount of the purchase price on which he had paid interest at the rate of eight per cent during the time he was deprived of the use of the land. He sought to recover as damages the amounts so claimed. We cannot agree with appellant that such damages were speculative or remote.

The district judge did not err in overruling the demurrer.

It may be conceded that the district court erred in holding, if it did hold, as claimed by appellant, that the action was *ex contractu* based on an obligation arising out of section 1725 of the Civil Code. What the court said was:

"The action brought being one *ex contractu,* subdivision two of section 1869 of the Civil Code is inapplicable. *Ruiz et al.* v. *Mercado & Sons,* 38 P.R.R. 525.

"The Court is of the opinion that it is and was unnecessary to make the sureties parties, for as plaintiff has elected to claim the total amount of actual damages suffered by reason of the injunction proceeding, this is an obligation which is imposed by the law as a consequence of the said proceeding which is recognized by the execution of a bond and, (*sic*) which cannot exist without a valid obligation."

This was not reversible error. It may be conceded also that the district court erred in its failure to acknowledge (so far as it did fail to acknowledge) that this was an action *ex delicto* based on section 1803 of the Civil Code. The result was right and should not be disturbed because of any error in the reasoning of the trial judge.

The district court did not err in rendering judgment for plaintiff.

The judgment must be affirmed.