# Commonwealth v. Miniard.

(Decided Dec. 4, 1936.)

G. MURRAY SMITH, Commonwealth Attorney, and B. M. VINCENT, Attorney General, for appellant.

FAULKNER & FAULKNER for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Reversing.

On the dates herein one Ed Profitt was a justice of the peace in Powell county. On the 15th of April, 1934, upon the affidavit of C. C. Jackson, he issued a warrant of arrest for one R. C. Harding accusing him of unlawfully, negligently, carelessly, and recklessly operating a motor vehicle upon a public highway of the county; but the warrant also recited that as a consequence thereof a collision was produced with a car operated by the affiant, Jackson. An indorsement on the warrant authorized the arresting officer to take bail bond of the defendant named therein in the sum of $500. The surety

in the bond was the appellee here, Ralph Miniard, who resided in Perry county, wherein defendant in the warrant was arrested, and the arresting officer (sheriff of Perry county), pursuant to the indorsement on the warrant, approved a duly executed bail bond signed by the accused Harding and appellee Miniard, and which was done on the 12th day of May, 1934. Due return of the warrant as executed, together with the bond, was made by the sheriff to the justice of the peace who issued it. The trial of defendant was, according to the testimony of the justice, postponed at the request of the accused Harding, and which was done in the presence of his surety in the bail bond. The postponement was until May 29 of that year, and on that day the defendant, though called, failed to appear or answer, and the magistrate made this order or entry: "Con. to May 29, '34, failure to answer on May 29, '34 bond forfeited." He then caused the warrant, the bond, the order of forfeiture, and all of the papers in the cause to be returned to the Powell circuit court, which no doubt was an intended compliance with the directions contained in section 58 of the Criminal Code of Practice.

Summons was issued against the surety to show cause why judgment should not be rendered against him because of the violations of the terms of the bail bond, and the order forfeiting it by the court in which the prosecution was pending, and it was duly served upon the defendant therein, who is the plaintiff herein. He ignored the summons and failed to appear at any time in the Powell circuit court, which (upon the calling of the forfeiture proceedings therein, and without response by the summoned surety) rendered judgment against him by default for the amount of the bond, $500. In due time execution issued upon that judgment directed to the sheriff of Perry county where appellee resided and where his property was located. Before the sheriff made levy thereunder, appellee filed in the Perry circuit court this equity action against him seeking to enjoin the levy and enforcement of the execution upon the ground, as he alleged in his petition, that the Powell circuit court judgment on the forfeiture bond against him was void for want of jurisdiction of the court over the subject-matter. The Commonwealth on relation of the Commonwealth's attorney for the circuit court judicial district in which Powell county is located, intervened and set up in his intervening petition all of the

facts to which we have referred, but with more detail. He also filed copies of the warrant, the bond, the return thereon, the order of forfeiture, and other steps taken down to and including the judgment rendered by the Perry circuit court. Subsequent pleadings were filed by appellee (to whom we shall hereafter refer as plaintiff), and some immaterial issues of fact were made upon which the court (Perry circuit) heard evidence, and upon submission it adjudged that the judgment of the Powell circuit court upon which the execution sought to be enjoined was issued "is void and of no effect," and that the defendant in the action (sheriff of Perry county) "be and he is hereby permanently enjoined from taking any other or further action or proceeding upon said execution"—to all of which the sheriff and the commonwealth by its relator objected and excepted and prayed an appeal to this court.

This proceeding is an undoubted effort to collaterally attack in the Perry circuit court a judgment rendered by the Powell circuit court, but, under repeated and unanimous adjudications of this court, such an attack cannot be made, unless the judgment attacked is void. Two of the numerous cases so determining are Adams Express Company v. Bradley, 179 Ky. 238, 200 S. W. 340, and Logsdon v. Logsdon, 204 Ky. 104, 263 S. W. 728. Others will be found in the notes to section 518 of our Civil Code of Practice. Those cases, and particularly the Bradley one, also announce and approve the universally recognized rule that a judgment is not void if the court rendering it had jurisdiction of the subject-matter and of the person of the defendant against whom it was rendered. If those two facts appear, the judgment rendered will not be void so as to subject it to collateral attack as being void, howsoever erroneous it may be. To the same effect are the cases of Johnson v. Carroll, 190 Ky. 689, 228 S. W. 412, 413; Potter v. Webb, 186 Ky. 25, 216 S. W. 66; Wallace v. Lackey, 173 Ky. 140, 190 S. W. 709; City of Paducah v. Paducah Traction Co., 168 Ky. 198, 181 S. W. 1093; and numerous others referred to in those opinions. The principle so thoroughly established is thus stated by us in the opinion rendered in the Johnson Case: "When a court is clothed with jurisdiction, its judgment, being presumed to be sound, cannot be called in question, except in the ways provided by the Civil Code, and that is by an appeal or by proceedings to vacate or modify

it, as authorized by sections 344, 414, and 518 of the Civil Code. These methods are usually denominated direct attacks in contradistinction to any other method of attack upon a judgment, and any other method of attack is a collateral one against which a judgment of a court having jurisdiction is immune. Harrod v. Harrod, 167 Ky. 308, 180 S. W. 797; Baker v. Baker, etc., 162 Ky. [683] 694, 173 S. W. 109, L. R. A. 1917C, 171; Duff v. Hagins, 146 Ky. 792, 143 S. W. 378; Ratliff v. Childers, 178 Ky. [102] 107, 198 S. W. 718; Cheatham v. Whitman, 86 Ky. 614, 6 S. W. 595, 9 Ky. Law Rep. 761; Bentley v. Stewart, 180 Ky. 23, 201 S. W. 978; Fraize v. Walls, 180 Ky. 168, 202 S. W. 310.''

It is asserted in the pleadings and in brief of counsel that the Powell circuit court did not have jurisdiction of the subject-matter, but counsel fail to substantiate that contention by any adjudication of this or any other court. The justice of the peace indorsed on the bond that it was forfeited for the failure of the accused to appear in accordance with its terms, and then followed the section of the Criminal Code of Practice supra (58) in filing the papers with the Powell circuit court. Hence that court had jurisdiction of the subject-matter, and whether it proceeded according to law thereafter is not a question of inquiry in this character of case. But as a matter of fact it did proceed according to the established practice and issued summons on the forfeiture for the plaintiff herein which was duly executed upon him, but which, as said, he ignored. If there were any collateral facts creating errors and furnishing grounds for the attack of the judgment on the forfeiture under any of the provisions of section 518 of the Civil Code of Practice, it became and was the duty of plaintiff herein to adopt and follow such provisions which the cases supra, and many others, say must be brought in the court rendering the attacked judgment. It therefore follows that the special demurrer filed to the jurisdiction of the Perry circuit court should have been sustained.

The question was again raised when the commonwealth by its relator pleaded in its answer, in abatement to this action, the facts hereinbefore stated and prayed for a dismissal of the action because of want of jurisdiction in the court to entertain it. After the court had erred in overruling the special demurrer, it then became its duty to sustain that plea, but it was errone-

ously overruled. We do not pass upon any of the alleged errors in the rendition of the attacked judgment, since none of them (if any) are reviewable in this collateral action filed in another court of coordinate jurisdiction with the Powell circuit court.

For the reasons stated the judgment is reversed, with directions to set it aside and to dismiss the petition for want of jurisdiction.