## BAILEY et al. v. WIREMAN et al.

Court of Appeals of Kentucky.

June 22, 1951.

M. F. Patrick, Salyersville, for appellants.

T. J. Arnett, Earl R. Cooper, Salyersville, for appellees.

MORRIS, Commissioner.

Appellees four in number, are the brothers and sisters of Samuel Wireman who. died intestate without issue in November 1947. Appellants are the widow and seven children of Levi Wireman an illegitimate son of Samuel Wireman, later adopted by him and his wife Rosanna, who died nine years prior to the death of her husband. At the time of his death Samuel was the owner in fee of one tract of land, and an undivided one-half interest in another, the wife owning the other interest. Copies of deeds do not show acreage but there is. proof that there are about 240 acres in the two tracts.

The brothers and sisters filed petition making the widow and children of Levi defendants, alleging the foregoing facts, and that being sole heirs-at-law they inherited the land. It was alleged that defendants were setting up a claim to the

lands, thus casting a cloud upon their title; they asked for judgment clearing their title.

Answer of defendants denied all allegations of the petition except as to death, ownership and status of parties. In a second paragraph they alleged that in September 1924 Samuel and wife filed a verified petition in the circuit court seeking the adoption of Levi. Defendants filed a copy of the judgment which adjudged the adoption of Levi, which is in conformity with the statute then in effect. 2071 K.S.

Levi died intestate October 9, 1944, and it is alleged that by reason of the adoption they are the owners of the real estate. This affirmative answer brought reply denying its allegations, and attacking the judgment of adoption, alleging that decedent never consented to the adoption, signed or agreed to the submission of the petition, or that the petition was verified as required by law. The copy of the judgment recites that the petition was "verified." It is not made part of the record. On that pleading they asked that the judgment be set aside. Proof was taken and upon submission the chancellor did not annul the adoption judgment, but held that the plaintiffs were the owners of the first tract described in the petition, and an undivided one-half of the jointly owned tract.

From the proof it may be gathered that Levi was brought by his mother (not Rosanna) to Samuel's home when he was about two or three years of age. Thereafter he lived in the home with decedent and his wife, was known as Levi Wireman and treated as if he were a natural child. He married when eighteen years of age and lived on the farm for some time. He later moved to a nearby farm and still later moved to Indiana, where he died.

Some testimony for plaintiffs tends toward a showing that Samuel never intended to provide for his son; there is some proof to the contrary. The greater portion of the testimony for plaintiffs goes to the question of the signature to the petition, which was handed some witnesses (though not made an exhibit) who testified that it was not, or did not look like decedent's signature, chiefly because it was his custom to sign his given name "Sam," and not "Samuel" as appeared on the petition. Other witnesses testified that on the day the petition was filed Mr. Wireman "did not go to town" with Levi and Rosanna, but remained at home. Much of the evidence for both parties appears to be incompetent, but the court did not pass on exceptions.

No brief has been filed by appellees. In appellants' brief it is urged, first that plaintiffs' reply constitutes a collateral attack on a judgment of a court having jurisdiction; that to justify such an attack lack of jurisdiction must appear on the record, and a pleading that only alleges lack of jurisdictional facts is insufficient. It is contended that there should have been a direct attack on the judgment in the manner provided by Sections 344–414 or 518 Civil Code.

It is also argued that the evidence on behalf of plaintiffs is insufficient to uphold the judgment. This is based on the fact that the court did not set aside the adoption judgment, and since plaintiffs claimed title by inheritance the evidence was not sufficient to show their right. The remainder of the argument is that under the laws and our decisions construing them, the children of Levi inherit the properties. It was admitted that the adoption judgment had never been set aside.

As the record comes to us we deem it only necessary to consider two points; first, whether or not the reply constitutes a collateral attack; second, the effect of a judgment of adoption concerning the disposition of the real estate where the adopted child predeceases the adopting parent.

There can be no doubt but that the reply is a collateral attack on the judgment of 1924. A judgment which does not show on its face lack of jurisdiction of the subject matter and parties cannot be successfully attacked by a collateral proceeding. Logsdon v. Logsdon, 204 Ky. 104, 263 S.W. 728. A reply charging fraud and collusion was held to be a collateral attack. Commonwealth v. Harkness' Adm'r, 181 Ky. 709, 205 S.W. 787. See also Commonwealth v. Miniard, 266 Ky. 405, 99 S.

W.2d 166; Duff v. Duff, 205 Ky. 10, 265 S.W. 305.

The rights of the children of the adopted son are settled by the provisions of applicable statutes and our constructions of them. Section 2071 K.S. (1930), in effect at the time of the judgment of adoption, provided that the court had power to "make an order declaring" the person adopted to be the "heir-at-law of such petitioner, and as such, capable of inheriting as though such person were the child of such petitioner". Section 405.340 KRS in effect at the time of Samuel Wireman's death provides that an adopted child shall be considered for purposes of inheritance and succession and for all other legal considerations the natural legitimate child of the adopting parents. Section 1393 K.S. (1930) provides that when a person owning real estate shall die intestate the estate shall descend first to "his children and their descendants". The order of descent is the same in Section 391.010 KRS (1946).

We have construed Section 2071 K.S. in a number of cases, holding the status of the adopted child to be for inheritance purposes the same as if he or she were the natural child. Merritt v. Morton 143 Ky. 133, 136 S.W. 133, 33 L.R.A.,N.S. 139; Lanferman v. Vanzile, 150 Ky. 751, 150 S.W. 1008. We have also held that in case an adopted child dies before the adopting parent, leaving children, they inherit as grandchildren of the adopting parent. Power v. Hafley, 85 Ky. 671, 4 S.W. 683; Wilcox v. Sams, 213 Ky. 696, 281 S.W. 832. This appears to be the general rule where statutes make provisions similar to those noted above as to rights of inheritance by an adopted child, 2 C.J. p. 458, 2 C.J.S., Agency, § 27.

There is no brief on file for appellees, hence we have no information as to the theory upon which the chancellor based his decree. However, our conclusion is that the judgment is erroneous and that it should be and is reversed, with directions to set it aside and enter judgment holding the descendants of Levi to be the legal owners of the tract owned in fee by Samuel. Since Rosanna died before the death of Levi, he became seized of the one-half interest of Rosanna in the jointly owned tract. The descendants should be adjudged the owners of that tract, subject to the *right* of the widow to dower, KRS 392.020, which as far as the record shows has not been assigned, Beach v. Hopperton's Ex'r, 303 Ky. 272, 196 S.W.2d 894, nor waived.

Judgment reversed.