## GRANT COUNTY BOARD OF EDUCATION v. BASTON et al.

Court of Appeals of Kentucky.

Oct. 10, 1952.

is ancillary, a recovery may be had on the bond for reasonable attorney's fees for services rendered in dissolving the injunction.

We think the chancellor disposed of the case properly, because the only relief sought by the appellees in the original action was injunctive relief.

Judgment affirmed.

Raymond R. Vincent, Williamstown, E. H. Walton, Covington, for appellants.

Stoll, Keenon & Park, Lexington, for appellees.

CAMMACK, Chief Justice.

This is a suit on an injunction bond. The Grant County Board of Education is appealing from a judgment sustaining a demurrer to its petition.

The appellees, citizens of Grant County, filed an action against the Board of Education (1) to compel it to construct a school building on a site originally selected by the Board for that purpose; (2) to prevent the Board from conveying the property; and (3) to restrain the Board from constructing the school building on any other site. In that action the appellees obtained a temporary restraining order against the Board and executed an injunction bond. In the final determination of that cause the Board was successful. The Board then filed this suit to recover a $500 attorney's fee which it had expended in dissolving the temporary restraining order.

The law applicable to the question before us is stated in Strong v. Duff, 243 Ky. 469, 48 S.W.2d 1074. We said it is well established that, where injunctive relief is the sole relief sought, and is not merely ancillary to some other relief, attorney's fees may not be recovered as damages in an action on an injunction bond; however, if the injunctive relief sought